State vs. Thomas.

## No. 10,089.
### THE STATE OF LOUISIANA VS. LANDRY THOMAS.

In all criminal prosecutions it is the desire, and to the interest, of the State, that all reasonable facilities be extended to the accused in the preparation of his defense.

Hence, the accused is not responsible for the error committed by the clerk in issuing *subpœnas* to witnesses for the defense, if it appears that the order for such witnesses had been given in a proper manner by the accused or his counsel, and that the witnesses thus ordered are residents of the parish.

A party accused, who discovers on the day fixed for his trial that a material and important witness, ordered by him, and by whom alone he could establish a fact important or indispensable to his defense, had not been summoned, because the given name of the witness had been by error of the clerk changed into another name, in making out the summons, is legally entitled to a continuance on proper showing, for the purpose of procuring the attendance of such witness.

For making the discovery on the day of trial only, he can not be charged with want of due diligence.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Estilette*, J.

*M. J. Cunningham*, Attorney General, and *John M. Ogden*, District Attorney, for the State, Appellee :

1. Where an application for a continuance in a criminal case, based upon the absence of a material witness, is refused because of the lack of due diligence on the part of the defense in securing the attendance of such witness, on appeal the record should contain affirmative proof of the exercise of due diligence or the judgment of the Court *a qua* will be affirmed. Knobloch's Cr. Di. p. 122, "Diligence."

2. A juror living in a parish other than the one in which the accused is tried is incompetent. 30 Ann. 335.

3. And the Court may *ex proprio motu* upon discovering the fact, discharge the incompetent juror before the introduction of any evidence in the case. State vs. Diskin. 34 Ann. 920, and authorities therein cited.

4. The question as to whether the confessions of an accused are voluntary or not is for the trial judge to determine. If the evidence upon which he rules in favor of the voluntary character of the confessions is not incorporated in a bill of exceptions the Supreme Court cannot test the correctness of such ruling and it will be sustained. 34 Ann. 147.

5. Parol evidence is admissible to prove a confession made in open court presided over by

a magistrate when such confession was not taken down in writing. State vs. Simien, 30 Ann. 297.

6. The fact that the confession was in the nature of a plea to a charge contained in the affidavit against the prisoner, the substance of which charge was undisputed, does not make it necessary to produce the affidavit and exclude parol testimony of the confession. The contents of the affidavit was not at issue. It was simply an incident to the main fact to be proved.

7. Where the ruling of the trial judge causes no injury to the accused he will not be granted a new trial. Knobloch's Cr. Di. p. 339.

8. Leading questions may be put to an exceedingly unwilling witness. Wharton's Cr. Ev. § 454 a.; 26 Ann. 75; Proffat on Jury Trials, § 227.

9. On an indictment for "rape" there can be no verdict for "assault and battery," and the trial judge rightfully refuses to charge that there may.

10. Errors in the judge's charge to the jury should be brought up for review to the Supreme Court by bills of exception, and not in an assignment of errors, 35 Ann. 774; 37 Ann. 51, 1; 35 Ann. 543, 619, 970; 38 Ann, 497.

*E. P. Veazie* and C. *W. DuRoy* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The defendant appeals from a sentence of death under a conviction of rape, and charges numerous errors to his detriment.

His first complaint is levelled at the judge's refusal of a continuance which he had asked under the following circumstances: When brought up for trial, on the 28th of October, 1887, the accused filed a motion for continuance on the ground of the absence of a material and important witness, residing in the parish, who had not been summoned although his name had been written, with an order for a *subpœna*, in the proper book by defendant's counsel on the 24th of October, four days previous to the day of trial.

The judge's refusal was grounded on want of proper diligence on the part of the accused to secure the attendance of the witness.

It appears from the record, and from the original order for *subpœna* to witnesses, as written by counsel, and which is attached to his bill of exception, that in writing down the name of that witness, which is "Archie Sanders," counsel connected the letters in such a manner that a first glance the given name looked like "Archie," and hence the summons was addressed by the clerk to "*Ardie* Sanders," and the sheriff returned that the person thus named could not be found. In reading the name as written in the original order we find no difficulty to make out the name of "*Archie Sanders*" as that of the person intended by the writer of the order.

The question presented is therefore to determine whether the accused can be held responsible for the error of the clerk in summoning

the wrong person, or in making out a summons addressed to so strange and unusual a name as *Ardrie* as a given name, especially when coupled with the cognomen of "Sanders."

To the suggestion of the district judge that under ordinary diligence it was incumbent on the defendant to have discovered the error, and to have had the same corrected in time for the trial, "as the return of the sheriff was made some time before the case was called for trial," an easy answer is that the accused should not be made to suffer for an error of the clerk, whose plain duty was to call on counsel for the accused to remove the doubt which he might have entertained as to the precise name intended to have been written by the attorney.

We do not understand the discussion to involve the question of due diligence at all; but merely and exclusively to deal with the consequence of a palpable error committed by an officer over whom the accused or his counsel had no control, and for whose error the injured party can surely not be held responsible.

But should the question of due or ordinary diligence be considered as the pivotal point of the contention, the record does not warrant the conclusion that the accused is guilty of any laches on that score. In his statement that the sheriff's return had been made "some time before the case was called for trial," the judge does not inform us of the precise length of time which intervened between the return and the trial; whether the return was made on the same day or the day before. As the order had been given on the 24th, and the trial took place on the 28th of October, it is clear that the "sometime" referred to by the judge could not have meant several days; and the doubt resulting from the expression above quoted cannot be construed against the accused. Hence, it does not appear that the question of due diligence could be decided adversely to the motion.

Now it appears that the indictment had been presented on the 21st of October, the case was fixed for trial on the 28th of the same month, the *subpœnas* for witnesses were ordered on the 24th, and the continuance asked by the accused was only to the 31st of the same month, at which time a jury would have been in attendance. Was there anything extraordinary or unreasonable in the delay prayed for, or does the relief asked suggest anything to justify the conclusion of the trial judge that the sole object of the motion was delay? We think not.

In his motion, supported by affidavit, the accused states that by the testimony of Archie Sanders he could prove a very material fact, which, if established, would necessarily have changed the verdict, and

that he could not prove that fact by any other witness. 8 Mo. 606, Freleigh vs. State.

The fact is detailed with precision in the motion, but we deem it best not to reproduce it in this opinion.

Now, through the error of a ministerial officer who failed to read, or to copy correctly, a plainly written name, the accused has been deprived of the benefit of most important testimony. It may be that the witness, if present, would not have testified as represented by the accused. But this supposition cannot impair his legal right to secure his attendance and to produce his testimony.

If the witness, when produced, should entirely fail to establish the fact relied on, that circumstance will strengthen the case of the State; will remove the last doubt as to the guilt of the accused, and the correct administration of justice will to that extent be enhanced.

In a criminal prosecution the State is not zealous for conviction; her only aim is justice, which will not condemn without a fair and impartial hearing. Hence the State herself tenders her whole power to the accused in his effort to prove his innocence, and her desire as well as her interest require that all facilities be given to the accused to produce all the testimony which the nature of his case may admit of or require.

Counsel for the defendant, after giving his order for witnesses in manner and form required by law and by the rules of the Court, together with the written information of the place where the witnesses resided, as shown to have been done in this case, and within a reasonable time before the day fixed for the trial, knowing that the witnesses to be summoned were residents of and were present in the parish, had every reason and every right in law to presume that the summons would be issued as ordered, and served in time for the trial. Hence his client cannot suffer for the laches or errors of others.

As we are thoroughly convinced that through inadvertence of the trial judge, the defendant has been denied a right to which he was legally entitled, we are constrained to overcome our repugnance to interfere in such cases with rulings of district courts, and to set aside the conviction of this defendant. State vs. Egan, 37 Ann. 371; State vs. Bolds, 37 Ann. 310; State vs. Briggs, 34 Ann. 71; State vs. Boitreaux, 31 Ann. 189.

Under these views the discussion of the other complaints urged by his counsel is entirely obviated.

It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside and the judgment appealed from annulled, avoided and reversed, and it is ordered that this case be remanded for further proceedings according to law.