### No. 1252.

### THE STATE OF LOUISIANA VS. DAVID UNDERWOOD.

An accused in a criminal cause who avails himself, under Act No. 29 of 1886, of the privilege of testifying therein is subjected to cross-examination by the State, but this examination extends only to matters concerning which the witness has given his testimony.

For the purpose of the decision of a bill of exception the recitals thereof are to be taken as true when the trial judge signs the bill without controverting or modifying the same.

A bill of exceptions in a criminal cause is well taken which shows that the accused whilst testifying thereon was forced, over the objections of his counsel, to give evidence against himself through a cross-examination by the State as to matters concerning which the witness had not given his testimony.

Objections urged by counsel of an accused to such a cross-examination of an accused by the State, and to questions which led up to such a result, are not covered nor met by a simple statement from the trial judge that the question put to the accused bearing upon the *res gestæ*, the objection to the same was overruled—the question might well bear upon the *res gestæ* and' yet not be a proper one to propound to that particular witness.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Rost, J.*

---

*G. Leche* and *J. P. Madison*, District Attorneys, for the State, Appellee.

---

*J. Reine* for Defendant and Appellant.

---

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant in this case having been indicted for murder, convicted of the charge and sentenced to death, appeals

to this court, relying for reversal upon the grounds embodied in two bills of exceptions found in the record.

The first bill is directed against the action of the judge *a quo* in permitting the district attorney over the objections of the counsel of the accused to cross-examine the accused then on the stand, as to certain facts—the second against the overruling of a motion for a new trial, the application for which it was contended was well founded and should have been granted.

It is unnecessary to consider and pass upon the second bill in view of the conclusions of the court reached upon the first.

The district attorney in his brief states that the only objection raised by the accused during his trial was as to the right claimed by the State under Section 2 of Act No. 29 of 1886, of cross-examining him when on the stand as a witness.

Had the accused claimed the right to withdraw as a witness immediately upon the termination of his direct examination, free from liability to any cross-examination whatsoever, the judge could not have done otherwise than to reject such a pretension, inasmuch as it would have been an attempt by the defendant to have availed himself of a statute permissive in its character, conferring a special privilege and favor, without subjecting himself to the conditions upon which the exercise of the privilege was made to depend. The recitals of the bill do not sustain the statement of the district attorney that the accused claimed an absolute exemption from cross-examination, but show that he insisted that this cross-examination should only extend to matters concerning which he had given his testimony. In this position he was clearly right.

The second section of the act referred to provides that the circumstance of a witness being a party accused shall in no wise disqualify him from testifying provided that no person shall be compelled to give evidence against himself, and provided that, if the person accused avails himself of this privilege, he shall be subject to all the rules that apply to other witnesses and may be cross-examined as to all matters concerning which he gives his testimony.

It is evident from a perusal of this section that, whilst an accused who voluntarily makes himself a witness, can not legally decline cross-examination, yet he can to a certain extent control it by a selection of the matters and things concerning which he gives his testimony.

The same statute which withdraws from him disqualification as a witness, and subjects him to cross-examination, expressly places a limit to this examination, which limitation the State is in no wise permitted to transcend, and the complaint made in this case by the defendant is that it is precisely this which has been allowed by the judge to be done in spite of his opposition and objections.

The counsel of the accused makes the positive assertion in the bill that the defendant was only on the stand as a witness for a few minutes; that as a witness he gave no testimony applicable in fact to the case; that finding much vagueness in his testimony and no facts elicited by the same, he, the counsel, moved that he be withdrawn from the stand, but that the district attorney attempting to question him as to who killed the accused (deceased), a matter which he avers was not broached in his direct examination in chief, he, the counsel, objected to the cross-examination, except on matters elicited in the direct examination, whereupon (so says the bill) said objection was overruled, said accused made to give evidence against himself on matters not elicited in his direct examination; wherefore a bill of exceptions was reserved.

If these averments be true the accused has good ground of complaint, and it only remains for the court to determine whether, so far as the record discloses, they are to be taken for true. The bill appears in the record signed by the judge without a word from him questioning the truthfulness of the recitals—and the court is bound to assume, in the absence of any denial of their verity, that they correctly state the facts.

It has been held that where there is a difference between the judge and counsel as to the circumstances connected with a bill of exception, the statements of the former are to be taken as true. When a judge having this power of control and correction, has failed to exercise it in any given cases, it is to be presumed that there existed no ground upon which he was called upon to have done so. In the case before the court, the only statement made in the bill by the district judge was, that the question put to the accused bearing upon the *res gestæ*, the objection was overruled.

This ruling did not cover nor meet the objections urged—the question asked might well bear upon the *res gestæ* and yet not one to be properly asked of this particular witness. Under the state of facts disclosed by the bill of exceptions the objections urged by the ac-

cused should have been sustained and the question should not have been permitted to be asked.

For the reasons given in this opinion it is ordered, adjudged and decreed that the verdict of the jury and the sentence of the District Court rendered thereon against the aforesaid David Underwood be avoided and annulled and set aside, and that the case be remanded to the District Court for further proceedings according to law.