On Rehearing.
SOB1MERVILLE, J.
[7] In disposing of one of the bills of exceptions taken by defendants to the ruling of the court on the admissibility of certain evidence, said to have been offered by the state in rebuttal, we relied mainly on the statement of the judge to the effect that:
“The said question was allowed for the reason that said question was put to the said witness as rebuttal testimony and for said witness to explain his testimony given in chief.”
Since the judgment was rendered, the trial judge has informed the court that he was in error in stating that the witness referred to had been previously on the witness stand, and that the testimony objected to was to explain the testimony given by said witness in chief.
We therefore have now no statement from the court attached to the bill under consideration; and, under former rulings, we will take the allegations as made in said bill to be a correct presentation of the proceedings had in the trial court. Defendants claim in their bill that the witness Lincoln Riley, above referred to, had been present from the beginning to the end of the shooting and killing for which defendants were being tried; that he had instigated the fight which resulted in the killing; that his testimony should have been offered by the state before it closed its case; that the action of the district attorney in putting this witness on the stand in rebuttal had resulted in the taking of an advantage of the defendants, and had prevented them from offering any testimony contrary to that given by the witness; that they have been deprived of their right to cross-examine the said witness in detail as to his whole conduct and acts on the night of the homicide; and that they were deprived of a strong and legitimate defense by reason of the district attorney failing to place this witness on the stand as a witness in chief.
*508 It thus appears from the recitals of the bill that the state tendered the witness Riley simply for the purpose of rebutting the testimony given by the witnesses for the defendants, and then proceeded to examine him as to his knowledge of certain facts in connection with the killing, as a witness in chief for the state; and defendants were thus deprived of the right of a full cross-examination of him, and to offer evidence to rebut his testimony.
[8] If the state had applied to the court to reopen the ease for the purpose of calling Riley as its witness, we would have had a different condition of affairs to consider. The action of the court on such motion would have been a matter entirely within the. discretion of the trial judge, and we would not have been called upon to review his ruling. State v. Rose, 33 La. Ann. 932; State v. Cavanaugh, 52 La. Ann. 1251, 27 South. 704; State v. Douglas, 116 La. 524, 534, 40 South. 860.
[9] While defendants allege that the testimony of the witness Riley was important, they do not allege that it was designedly withheld by the state for the purpose of placing them at a disadvantage in the trial court. But they invoke the ruling in State v. Spencer, 45 La. Ann. 1, 12 South. 135, to the following effect:
“Under ordinary circumstances, in common fairness to a person accused it would be the duty of the state to place at once upon the stand as its own witnesses all those who are present at or actually cognizant of the facts upon which the prosecution is based (see People v. Kenyon, 93 Mich. 19, 52 N. W. 1033); but that rule, in the nature of things, is subject to modification and exception.”
And in State v. Pruett, 49 La. Ann. 283, 298, 21 South. 842, 849, we add to what was said in the Spencer Case:
“That there were, however, so many reasons why, under special circumstances, this rule should be departed from, and so many occasions on which such departure from it would be proper, that it could not be invoked as a matter of legal right. That this matter would have to be left in each case to the sound judicial discretion of the court, which, having knowledge of the general rule, would protect the defendant by enforcing it, unless by reason of some exceptional state of facts.”
And we there cite several authorities in support of that ruling.
[10] In the present instance, we are confronted with the allegations that important testimony was withheld by the state, and only offered in rebuttal, when it was clearly evidence in chief; and that defendants were placed at a great disadvantage, and were thus deprived of their rights; and the bill contains no statement of the court to the contrary. Under these conditions, we are of .the opinion that the trial court has abused the discretion vested in it in permitting the state to place one of its principal witnesses, if not the principal witness, on the witness stand in rebuttal, instead of reopening the case, so as to give to defendants the opportunity of a full cross-examination of the witness, and to produce witnesses to rebut the testimony given.
Defendants objected to the testimony offered, as they had the right to do, and their objection should have been sustained. State v. Swindall, 129 La. 760, 768, 56 South. 702. Or, upon being overruled, defendants should have been given the opportunity to fully cross-examine the witness, and to offer evidence in rebuttal.
Many bills of exceptions in the record were taken to the rulings of the trial court, which, on their faces, might not cause a reversal of the judgment appealed from; but they merit the attention of the court, inasmuch as the case will have to be remanded for the reasons hereinbefore given.
[11] The statutory provisions contained in Act No. 41 of 1904, amending Act No. 29 of 1886, may have been violated to the prejudice of defendants, in that they were compelled to give evidence against themselves, and that they were cross-examined as to *510 matters about which they did not testify while on the witness stand; and, further, evidence was introduced on behalf of the state to contradict the testimony of defendants as to collateral matters.
Act No. 29 of 1886 is entitled “An act declaring the competency of witnesses in criminal proceedings,” and it is therein provided, as amended, among other things:
“That the circumstance of the witness being a party accused or being jointly tried shall in no wise disqualify him from testifying; provided, that no one shall be compelled to give evidence against himself; and provided,_ that if the person accused avails himself of this privilege, he shall be subject to all the rules that apply _ to other witnesses, and may be cross-examined as to all matters concerning which he gives his testimony,” etc.
If the accused takes the witness stand, he shall be subject to all the rules that apply to other witnesses, and may be cross-examined as to all matters concerning which he gives his testimony; and, in the course of the cross-examination of such witness, special regard must be had to the nature of the examination and the testimony sought to be adduced; his memory may be tested and his veracity and truthfulness may be inquired into, as of any other witness; yet he should not be compelled to give evidence against himself; and the trial judge, in his discretion, should control the cross-examination and confine it to the matters concerning which the accused has testified to. In State v. Underwood, 44 La. Ann. 852, 11 South. 277, considering Act No. 29, 1886, we say:
“It is evident from a perusal of this section, that whilst an accused who voluntarily makes himself a witness cannot legally decline cross-examination, yet he can to a certain extent control it by a selection of the matters and things concerning which he gives his testimony.
“The same statute which withdraws from him disqualification as a witness, and subjects Mm to cross-examination, which limitation the state is in no wise permitted to transcend, and the complaint made in this case by the defendant is that it is precisely this which has been allowed by the judge to be done in spite of his opposition and objections.”
And we reversed the judgment appealed from. In State v. Kennon, 45 La. Ann. 1192, 14 South. 187, we affirmed our ruling in the Underwood ease. In the case of State v. Oden, 130 La 598, 58 South. 351, we reversed the decision therein rendered, because the trial judge permitted proof of a similar offense to the one with which the defendant was there charged and for which he was being tried.
The reasons assigned by the trial judge in some of the bills are not altogether satisfactory; there is doubt as to whether, while stating conclusions and opinions formed by him, he is not reasoning from entirely wrong premises. It is of the utmost importance, in the consideration of questions touching the scope of examination of accused parties when on the stand as witnesses as to what was exactly testified to by them in chief, and also as to what was sought to be elicited from them on cross-examination, if permitted. The prosecuting officer and the counsel for the accused should each make recitals of what the facts testified to were, and not deal in sweeping declarations on the one hand that the cross-examination was clearly within the limitations of the law, and on the other that it was not. The court, standing thoroughly impartial between the state and the prisoner should make its own recital of the testimony, and not send cases up to us resting for decision upon mere conclusions of its own on that subject. State v. Wright, 48 La. Ann. 1525, 1531, 21 South. 160.
[12] With reference to the cross-examination of a witness on matters collateral to the issue, we have adopted the law as laid down in Wharton’s Criminal Evidence (9th Ed.) § 484, as follows:
“When a witness is cross-examined on a matter collateral to the issue, Ms answer cannot subsequently be contradicted by the party putting the question. The test whether a fact inquired of on cross-examination is collateral is *512 this: Would the party be entitled to prove it as part of his case, tending to establish his plea? This limitation, however, only applies to answers on cross-examination; it does not affect the answers to the examination in chief.” State v. Swindall, 129 La. 760, 771, 56 South. 702.
The judgment appealed from is annulled, avoided, and reversed; the verdict of the jury is set aside; and this case is remanded to be proceeded with in accordance with law.
See dissenting opinion of BREAUX, C. J., 61 South. 544.