O’NIELL, C. J.
Appellant was convicted of assaulting by willfully shooting at a woman named Lula Finister, and was sentenced to imprisonment in the penitentiary.'
When the case was called for trial, defendant’s attorney asked for a continuance because of the absence of two witnesses, and because the sheriff! had not made a return on the subpoenas. The court ordered the trial deferred until the next day. On that day, when the case was called for trial, one of the witnesses who had failed to appear was yet absent and had not been served with the subpoena, which had been issued seven days before. Defendant’s attorney filed a motion for a continuance, averring that the absent witness lived in the town of Ferriday, in Concordia parish, the parish in which the case was to be tried; that the witness was temporarily absent from the town; that there had not been either a personal or a domicile service of the subprana; that the witness would soon return to his home and would be present at the trial if a continuance should be allowed. It was also alleged, in the motion for continuance, that the testimony to be given by the absent witness was material and important to the defense; that there was no other witness by whom defendant could prove the facts which the absent witness would testify to; and that defendant’s attorney had used due diligence in his effort to have the witness served with the subprana and to have him present in court. It w-as alleged that the witness would testify that he was present at defendant’s home, in the town of Ferriday, on the day when, according to the accusation, she was supposed to have shót at Lula Finister; that on that day, before the time of the alleged shooting the witness saw Lula Finister enter defendant’s home, against defendant’s protest, and search the house, saying that she was searching for a man named Nelson Williams, and threatening to attack defendant and to do her great bodily harm if she came upon the streets of Ferriday. The allegations of the motion for continuance were sworn to by the defendant.
*966 [1] The district judge overruled the motion without giving any reason for his ruling. The allegations of the motion, made a part of the hill of exceptions, stand uncontradicted, and must be taken as true. As Mr. Justice Fenner, for the court, said in State v. Butler, 42 La. Ann. 405, 7 South. 669:
“The hill of exceptions, thus signed without qualification, authorizes us to take as true the facts stated in the affidavits, and those facts undoubtedly sustain the application for continuance.”
[2, 3] It is suggested in the brief filed for the state that the testimony of the absent witness might not have been admissible, because it was not alleged in the motion for continuance that the absent witness would have testified that Lula Finister, after committing the alleged trespass and making the alleged threat, did make an assault upon defendant such as to justify her shooting at Lula Finister. The argument, in effect, is that a motion for a continuance must contain allegations sufficient, if true, to make out a complete defense. That is not the law. There was nothing that appeared to be unimportant, immaterial, or irrelevant, in the testimony which the defendant swore the absent witness would give. And the district judge, by signing the bill without comment, approved the statement that the absent witness was “a competent and material witness in defendant’s behalf.” As Chief Justice Nicholls, for the court, said in State v. Underwood, 44 La. Ann. 852, 11 South. 277:
“If these averments be true the accused has good ground of complaint, and it only remains for the court to' determine whether, so far as thd record discloses, they are to be taken for true. The bill appears in the record signed by the judge without a word from him questioning the truthfulness of the recitals — and the court is bound to assume, in the absence of any denial of their verity, that they correctly state the facts.
“It has been held that where, there is a difference between the judge and counsel as 'to the circumstances connected with a bill of exception, the statements of the former are to be taken as true. When a judge having this power of control and correction, has failed to exercise it in any given cases, it is to be presumed that there existed no ground upon which he was called upon to have done so.”
The rule applicable to this case is given in the syllabus of the decision in State v. Butler, supra, and affirmed in State v. Abshire, 47 La. Ann. 542, 17 South. 141, and in State v. Lundy, 131 La. 910, 60 South. 613, viz.:
“When an affidavit for continuance sets forth all the essential requisites as to the names and residence of the witnesses, the character and materiality of 'their testimony, the exercise of proper diligence, and the ability to procure attendance of the witnesses if the trial be deferred, the refusal by the judge, who signs the bill of exceptions without qualification and without reasons, is error.”
The verdict and sentence appealed from are annulled, and it is ordered that the case be remanded to the district court for a new trial.