The opinion of the court was delivered by
Breaux, J.
The accused, charged with forgery and sentenced to two years’ imprisonment in the State penitentiary, complains that the judge refused to instruct the jury, as follows:
First. The mere false making, without an interest to defraud some one, does not constitute the crime of forgery.
Second. The intent to defraud is the very essence of the offence.
Third. To constitute forgery the instrument when forged must be such as would tend to prejudice the rights of another, and such in law as would be available to work the intended fraud or injury, the distinguishing characteristic being the crafty fraud and deceit whereby it is intended to injure some one.
*1434 He complains also that the court erred in refusing to permit the filing of a motion for a new trial. 1
The verdict of the jury had been rendered.
His counsel had the accused brought into court and sentenced.
Afterward the accused made affidavit and motion for a new trial and offered the motion for filing. To the court’s refusal a bill of exi ceptions was reserved.
The indictment charges that the defendant feloniously forged a certain receipt for two dollars with intent to defraud, and especially to defraud S. Dickerson and Linton Carney. Said receipt represents that the accused had paid the amount of money to Dickerson for account of Carney, the accused Smith having feloniously and fraudulently signed the name of Dickerson to the receipt.
In the bill of exceptions reserved to the court’s refusal to charge as requested, the trial judge inserted the statement that the charges had substantially been given.
He adds that he, nevertheless, proceeded to give to the jury the first and second charges asked in substantially the same words as those asked and embraced in the bill of exceptions, but that he stated to defendant’s counsel that as to the third, he thought the correct doctrine was embraced in the decision in the State vs. Den-nett, 19 An. 395, which had already been read by the court to the jury as a correct exposition of the law, and refused to charge as asked by counsel. ,
The judge says that he had substantially given the charge requested.
The defendant did not request a written charge.
Under well settled jurisprudence the judge’s statement of the facts, in the absence of all evidence to the contrary, must be considered as true.
This completely disposes of charges Nos. 1 and 2, given by the court without any modification.
As to the third charge, it seems from the judge’s subsequent state ment, incorporated in the bill of exceptions, that he withheld at least a part of it from the jury and relied in lieu on the doctrine embraced in the case cited ubi supra as being a correct exposition of the law1.
In that case (State vs. Dennett, 19 An. 395) the court refused to charge the jury that “the State must show that the check charged to have been forged by the prisoner and the signature thereto affixed *1435 sufficiently resembled the genuine check and signature of the drawer to deceive persons of ordinary business observation, or it was not forgery.” (The ruling was sustained on appeal.)
The court said in that case: “ That a jury ought to infer an intent to defraud the person who would have to pay the instrument if it were genuine, although from the manner of executing the forgery, or from that person’s ordinary caution, it would not be likely to impose on him.”
And lastly, it is announced in the case in question that, if there be at any time any possibility of fraud, it is enough to constitute the offence.
The first part of the requested charge reads: “To constitute forgery, the instrument when forged must be such as would tend to-prejudice the right of another.”
The equivalent doctrine from the decision in question was charged, “that a jury ought to infer an intent to defraud the person who would have to pay the instrument.”
In the case at bar it was not a check that was forged, but a receipt which ordinarily speaking could be used in evidence for the defence in a suit brought by the person whose name was forged. Wharton, 9th Ed., Vol. 1, p. 692.
In the language of the decision, the jury were instructed that they “ ought to infer an intent to defraud the person who would have to pay the instrument,” i. e., in the case under consideration, to defraud the person in whose name the forged receipt was made.
The remainder of the requested charge reads:
“And such in law as wonld be available to work the intended fraud or injury, the distinguishing characteristic being the crafty fraud and deceit whereby it is intended to injure some one.”
The utterances in State vs. Dennett, 19 An. 395, are not absolutely similar to the requested charge. They have application to the case and sufficiently instructed the jury.
• There is no essential difference requiringthat the verdict be annulled and the case remanded for another trial.
Taking the charge as a whole all the elements constituting the crime of forgery as applying to a forged receipt were explained to the jury.
The counsel for the defendant argue another principle of law — i. e., that the receipt forged could be of no legal efficacy if it were a genuine instrument.
*1436 The defendant delivered the receipt for a stated amount in currency and with this receipt attempted to satisfy a debt of his by committing the forgery alleged.
Had his act been legitimate and not fraudulent, the collection would have been made and the receipt would have evidenced a legal payment. The receipt would have had legal efficacy. Making the receipt and signing to it the signature of the creditor, and delivering it to the debtor, and at the same time stating to the debtor that he had procured the receipt by paying the creditor and thereby seeking to obtain release from the payment of his own debt, was intended to have legal efficacy, and would have had that efficacy if it had not been forged.
The defendant also complains of the court’s refusal to permit the filing of a motion for a new trial.
The records disclose that the motion was made after the sentence had been pronounced.
There is nothing in the affidavit of the accused for a new trial showing that he did not have time to prepare his motion for a new trial. Such a motion should be made before sentence and not after sentence.
There is nothing taking this case out of the ordinary rule requiring that motions for new trial be filed and decided prior to sentence. The State of Louisiana vs. Eugene Offutt, 38 An. 364.
It is therefore ordered that the sentence and judgment of the court a qua be affirmed.