## VOLUME 134

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1913

(63 South. 603.)

No. 20,096.

STATE v. BRAMHALL.

(Dec. 1, 1913.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW (§ 627½*)—CONDUCT OF TRIAL —DEMAND FOR SAMPLE OF LIQUOR.

In a prosecution for selling intoxicants without a license, where accused claimed that the liquors sold by him were nonintoxicating, the refusal of his request for the prosecution to furnish him a sample for analysis is error, when made in good faith, but not where he sold a liquor manufactured by a brewery and had quantities of the same kind on hand or could easily have obtained some.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. § 627½.*]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Joe Bramhall was convicted of selling intoxicants without a license, and he appeals. Affirmed.

E. P. Mills, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., W. A. Mabry, Dist. Atty., of Shreveport, and G. A. Gondran, of Donaldsonville, for the State.

PROVOSTY, J. The accused was convicted of having retailed intoxicating liquors without a license, and sentenced to pay a fine of $500, and to serve one year on the public works of the parish, and in default of payment of the fine to serve one year additional; and he has appealed.

His defense being that the liquors sold by him were nonintoxicating, he called upon the prosecution to furnish him a sample of the liquor which it claimed he had sold, in order that he might have it analyzed. If this request had been made in a sincere effort to establish the truth, its refusal would have been error, if it was in the power of the prosecution to comply with it. The guilt or innocence of the accused depending upon whether the liquor is intoxicating or not, it stands to

reason that he is entitled to have it analyzed, and is entitled to have a sample of it for that purpose if within the power of the prosecution to give it. State v. Clark, 124 La. 966, 50 South. 811. But if, as abundantly appears from the per curiam of the trial judge in this case, the accused knew already perfectly well that the liquor in question was a particular kind of beer that had been sold to him by a particular brewery under a particular brand, of which beer he had already on hand, or could easily obtain, an abundance for analysis purposes, his request for a sample from the prosecution was but a trifling with the court.

Judgment affirmed.