MONROE, C. J.
Defendant prosecutes this appeal from a conviction of murder, without capital punishment, and sentence of imprisonment at hard labor for life, and she relies, in this court, upon a bill of ex *559 ception to the refusal of the court to grant a continuance on account of the absence -of Minerva Dillon, a witness who had been summoned but was reported sick and unable to attend, and upon another bill to the refusal of the court to grant a new trial.
[1] 1. The motion for continuance, duly verified and made part of the bill first above mentioned, contains an allegation that the witness, if present, would testify to certain facts; but another allegation, which follows, leaves it uncertain which of the facts alleged the witness would testify to. The district attorney, however, offered to admit that the witness, if present, would testify to all the facts set out in the motion; and the continuance was refused.
There was no error in the ruling. Act 84 of 1894 provides that:
“In all criminal cases, whenever either the state or the defendant asks for a continuance on the ground of the absence of an important or material witness, the other shall be entitled to an immediate trial on admitting that if said' absent witness were present, that he would testify as stated in the affidavit made for a continuance. * * That this act shall in no way interfere with the trial judge’s discretion to grant continuance on other grounds.”
The act was held to be constitutional and its application sustained in State v. Lee, 50 La. Ann. 10, 22 South. 954. See, also, State v. Nathaniel, 52 La. Ann. 565, 26 South. 1008; State v. Stewart, 117 La. 490, 41 South. 798.
[2] 2. The motion for a new trial alleges:
“First. That there were three witnesses who testified to the actual shootiiig — Lizzie Smith, an aunt of the deceased, Polastine Conney, and Mattie Martin, all colored. That defendant did not expect or have any reason to believe that Polastine Conney and Mattie Martin would testify that they were in a position to see the alleged difficulty or shooting. That she (defendant) has discovered, since the trial, that these persons were not in a position to see the shooting, or the position occupied by the deceased or the defendant at the time of the shooting, and that, if given an opportunity, she can produce competent witnesses to prove these allegations. That she employed due diligence in trying to find all eyewitnesses, who saw the occurrence at the time of the homicide, and that, in addition to this, she can prove other facts and circumstances to discredit the testimony of the two_ above-mentioned witnesses, as well as the testimony of Lizzie Smith, the aunt of the deceased.”
The statement per curiam reads:
“Defendant had been in jail since May last, and the case was assigned for trial in July, also last week, and continued on account of the absence of Minerva Dillon. I do not believe due diligence has been used, and” (do believe) “that the granting of a new trial would ¡De a miscarriage of justice.”
Defendant failed to give the names of the witnesses from whom she expected to obtain the newly discovered evidence, and, in view of the statement of the trial judge, we find nothing that would authorize the conclusion that the motion for new trial has not been properly refused.
Judgment affirmed.