An assignment of errors was filed, but most of the errors assigned are not errors of law patent on the face of the record.

The alleged deficiencies in the transcript must be imputed to defendant who filed the transcript in this court. It is most defective, and it would appear therefrom that the minute clerk requires instructions as to his duties as clerk. The omissions complained of do not show that errors were committed during the course of the trial which were injurious to defendant.

Judgment affirmed.

O'NIELL, J., dissents, assigning reasons. See 70 South. 476.

———

(70 South. 476)

No. 21589.

MURRAY et al. v. HAWKINS.

(Nov. 2, 1915. Rehearing Denied Jan. 10, 1916.)

*(Syllabus by the Court.)*

HUSBAND AND WIFE ⚖273—ACCOUNTING BY
    SURVIVING HUSBAND — FUNDS RECEIVED
    FROM WIFE.

When the heirs of a deceased wife demand of her surviving husband an accounting of her separate funds received by him, he is only required to prove that the funds were expended for the account and benefit of her separate estate, e. g., for the purchase and improvement of her separate property. In such case, the doctrine, that the husband is not entitled to be reimbursed his separate funds contributed to the community except to the extent that the property of the community is thereby enhanced in value at the time of its dissolution, has no application.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 566; Dec. Dig. ⚖273.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Miss Laura M. Murray and others against James A. Hawkins. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

E. M. Stafford and H. W. Robinson, both of New Orleans, for appellant. Benjamin Ory, of New Orleans, for appellees.

O'NIELL, J. The defendant has appealed from a judgment amending and homologating a projet of distribution of the proceeds of certain property which was sold under orders of court to effect a partition. The property belonged to the community of acquêts and gains between the defendant and the mother of the two plaintiffs, who are the sole surviving issue of a previous marriage of their mother. Therefore the funds to be distributed are owned in the proportion of one-fourth to each of the plaintiffs, and one-half to the defendant.

The total sum to be distributed was $4,497.-24, from which the notary deducted the claims which had been approved by the court, amounting to $770.50, and other privileged debts paid by one of the plaintiffs as administratrix of her mother's succession, amounting to $420.47. The notary also gave the defendant credit for $775, with legal interest thereon from July 16, 1906, amounting to $333.69, for his separate funds invested by him in the purchase of certain property in the name of the mother of the plaintiffs. It appears that this latter claim was recognized and allowed in a judgment rendered by the district court, in certain proceedings between these parties, and from which no appeal was taken by the present plaintiffs. From this

sum of $1,108.69 due to the defendant was deducted an indebtedness due by him to the community, amounting to $509.91, leaving a net balance of $598.78 credited to him. Hence the total sums deducted from the amount to be distributed amounted to $1,789.75, and left a balance of $2,707.49, to be divided in the proportion of one-fourth, or $676.87 to each of the plaintiffs, and one-half, or $1,353.74, to the defendant. The plaintiffs were charged and the defendant was credited, with certain sums paid by him for taxes, etc., for the account of the separate estate of his deceased wife, amounting to $74.27; thus reducing the amount due to the plaintiffs to $1,279.47, and, with item of $598.78, increasing the amount due to the defendant to $2,026.79.

From the sum due to the defendant, the notary proposed to reserve $250, with interest at 8 per cent. per annum from December 10, 1913, to pay a mortgage granted by him on his half interest in the community property. And the plaintiffs were charged with legal interest on $1,353.74, being half of the net proceeds of the sale to them of the community property in the partition proceedings, "as per agreement between the parties, embodied in the act of sale to the Misses Murray."

The proposed distribution was rejected by the parties and was submitted to the district court for adjudication.

The plaintiffs alleged in their opposition that they were creditors of the community to the extent of $7,500, for separate funds received by the defendant from their mother, and not accounted for by him. They alleged that $3,000 of this $7,500 was the cost of certain improvements made to the community property with the separate funds of their mother. In the prayer of their petition, however, it seems that they claimed the credit for the $3,000, in addition to the $7,500. They protested against being charged interest, except on the amount, if any, that might be found to be due by them in the final settlement and liquidation. They also opposed the allowance of $333.69 to the defendant in the proposed distribution as interest on his claim of $775.

In his opposition to the proposed distribution, the defendant contended that the notary had no authority to make a full and final settlement of accounts between the plaintiffs and him, and should have confined himself to a division of the proceeds of the sale of the community property, after deducting only the costs incident to the partition proceedings. In the alternative, he claimed credit for $2,111.18 for labor and money expended by him in improving his wife's separate property to that extent. He has abandoned the contention that the notary went beyond his authority, and now requests that there be a final settlement of accounts between him and the plaintiffs, by the judgment of this court.

After trial of these oppositions, the district court rendered judgment, amending the projet of distribution (first) by allowing the plaintiffs' claim of $7,500, including as a part thereof the item of $3,000, for the improvement of the community property, and (second) by charging legal interest on the amount due by the plaintiffs as the net price of the adjudication to them of the community property from the 27th of November, 1914, instead of from the date of the adjudication, as charged by the notary. The plaintiffs' opposition to the item of $333.16, allowed the defendant as interest in his claim of $775, was rejected, and this interest item on the projet of distribution was allowed the defendant.

As the plaintiffs have not appealed nor answered the defendant's appeal, we are not called upon to disturb the judgment as to the item of $333.16 allowed the defendant as interest on his claim of $775.

The charge of 5 per cent. interest on the $1,353.74 due by the plaintiffs to the defend-

ant as his share of the price of the adjudication to them of the community property was made from the date of the sale, in accordance with the stipulation in the deed, and we see no good reason for the amendment changing the date to November 27, 1914.

On the trial of these oppositions, the defendant produced receipts and vouchers showing that he had returned to his wife the $7,500 received from her and more. On the 10th of May, 1906, the plaintiffs' mother purchased from her three sisters their interest in certain property at the corner of Franklin and Terpsichore streets, and the defendant paid the price, amounting to $800, out of her separate funds. He also paid $400 as the price of two lots of ground purchased by the plaintiffs' mother on the 9th of July, 1907, and $600 as the price of certain property in Claiborne street, bought by his wife on the 12th of August, 1908, $40 to the Title Guarantee Company, $11.40 for a survey of his wife's property, $50.50 for attorneys' fees for examining the titles and for notarial fees incurred in the various purchases of property by the plaintiffs' mother, as her separate property. He paid $30 to a Mr. Brown for demolishing an old building on her property on Terpsichore and Franklin streets, and $2,184.30 for the construction of another building thereon. He also paid $537.92 for the building on her separate property No. 3322 Howard street, and $1,633.73 for the building constructed on her separate property, No. 4316 South Claiborne street. These expenditures, amounting to $6,385.85, were all for the account and benefit of the separate estate of the plaintiffs' mother.

It is also apparent that, if the defendant is charged with the entire $7,500 received from his wife, he must be credited with one-half of the $3,000 of that sum paid by him for the building erected on the community property on South Liberty street. In other words, it is conceded in the plaintiffs'

pleadings, and in the judgment of the district court, that the item of $3,000, representing the cost of the building on the community property, is a part of the $7,500 received by the defendant from his wife. Her separate estate is entitled to have credit for one-half of the enhanced value of the community property resulting from the improvement made at the expense of her separate estate. Therefore, if the surviving husband is charged with the entire cost of these improvements (the $3,000 being included in the charge of $7,500 separate funds of the wife received by him), he must have credit for one-half of the $3,000 paid by him in improving the community property. The defendant has therefore accounted to the plaintiffs, as the heirs of his wife, for $7,885.85 paid by him for the account and benefit of her separate estate.

The appellees contend that the appellant is not entitled to credit for the amounts paid by him for the improvement and benefit of his wife's separate estate, because he has not proven that these expenditures enhanced the value of her separate estate. And in support of this contention they refer to the decision of this court in the case of Munchow v. Munchow, 136 La. 753, 67 South. 819, and the numerous decisions cited therein viz.:

"In the settlement of a community of acquêts and gains, the husband is not entitled to have credit for separate funds contributed by him to the community, except to the extent that the property of the community is thereby enhanced in value at the time of its dissolution."

The above doctrine was applied where the husband was claiming reimbursement for his separate funds contributed to the community. It has no application to this case, where the husband is merely accounting for the separate funds of his wife, which were received by him, and of which her heirs are demanding reimbursement from him. In this case, the husband should not be required to pay to the heirs of his wife the amount of her separate funds expended by him for the

purchase and improvement of her separate property.

The judgment appealed from is annulled and reversed, and it is now ordered, adjudged, and decreed that the projet of distribution submitted by Bussiere Rouen, notary public, of date the 10th of March, 1915, be, and it is, approved; the case is therefore remanded to the civil district court for execution of this judgment; the costs of appeal to be borne by the community.