His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Defendant, Widow .Lundgren, kept a retail grocery-store. Plaintiff sold to her a bill of groceries amounting to $86.63, which was unpaid. She sold her store, in bulk, to her co-defendant, August Hernandez, for the price of $193, which he paid to her.
Section 4 of Act 114 of 1912, page 135, provides:
“That the sale in bulk, out of the usual course of business, of a stock of goods, wares or merchandise, in whole or in part, by the seller or vendor, shall be prima facie fraudulent .and void as against the creditors of the vendor, * * * unless the purchaser or transferree demand and receive from the vendor or transferror .a written list of the names and .addresses of the creditors.of the vendor or transferror with the amount of indebtedness due and owing to such and certified by the vendor to be a full, accurate,' and complete list of his creditors .and of his indebtedness, etc. ’ ’
Section 6:
“The purchaser or transferree who shall not conform to the provisions of Section 4 of this act, shall *206 upon the application of any of the creditors of the vendor or transferror become a receiver and be held accountable to such creditors for all the goods, wares or merchandise that have come into his possession by virtue of such sale or transfer. ’ ’
Plaintiff further alleged that the defendant and purchaser, Hernandez, failed to demand from his vendor the written list of his creditors as provided by the above act and that there was at the date of said sale, goods on hand in said store which went into the possession of Hernandez, of the value of $193.00, and that he is therefore liable to the plaintiff for the amount due him by said Widow Lundgren.
Defendant admits the purchase of the grocery store for the price stated above, upon the representation of Widow Lundgren that she owed debts aggregating less than $193.00, among which was plaintiff’s claim, .and that he paid her the full price upon her .assurance that she would pay plaintiffs. Defendant also pleaded that plaintiff’s petition disclosed no legal right or cause of action.
There was judgment dismissing the claim as in case of non suit and plaintiff has appealed.
It was admitted in argument that the evidence established that defendant, Hernandez, had come into possession of enough of plaintiff’s goods practically to satisfy his claim. Under the letter of the law he must account for them or pay their value to plaintiff.
But it is contended that Section 6 of the Act 114 of 1912 is unconstitutional for two reasons: First, that it violates Article 31 of the 'Constitution which provides that: “Every law enacted by the General Assembly shall embrace but one object, and shall be expressed in its title.”
*207 I.
It is. argued that the law has two objects, the creating of a crime and the establishing a civil liability. We conceive that generally the latter is the natural conscequence of the former, and that therefore the civil liability imposed for .a violation of the act was a matter germane t.o the object of the law and intimately connected therewith.
134 La., 1.54; 51 A., 1213; 41 A., 771; 50 A., 1367; 46 A., 1031.
The whole act shows that its single object was to regulate the sale and purchase of goods on credit, and to secure the payment of the price, and to impose penalties for a violation of its provisions.
104 La., 249.
II.
It is also charged that the liability imposed by Section 6 is not expressed in the title. The title reads:
* * * “And aiso to prescribe the form and to regulate the manner in which the transf er and sale in bulk * *' * shall be made, to define the making of a false oath in relation thereto, and prescribe penalties, for the violation thereof.”
It is contended that the word “penalties” does not embrace the imposition of a civil liability where none existed before, but means exclusively a criminal action by fine or imprisonment. This is an error. A penalty is a punishment imposed for the violation of law by doing what it forbids or by not doing what it commands, and rests in the discretion of the Legislature. The penalty for non-payment of taxes is an additional charge of money. *208 The penalty for concealing effects of a succession is to become liable civilly for the debts of the deceased. The penalty incurred by an owner for failure to make a written contract and to have it recorded is to make him liable to furnishers of materials. The penalty for a bank not to have on hand the amount of specie required .by law, or to engage in the buying and selling of produce, is to make the directors individually liable for all tue debts of the bank. Under Sec. 6 of Act 114 of 1912 the penalty imposed upon the purchaser for not requiring a sworn statement of the vendor’s debts is to put him in the place and stead of his vendor as regards the goods purchased by him and to impose upon him the obligation oí surrendering them or paying for them. The penalty thus imposed is fully and clearly expressed in the title of the act and does not therefore violate the Constitution.
Opinion and decree, February 14th, 1916.
Rehearing refused, March 13th, 1916.
Writ denied, April 25th, 1916.
It is therefore ordered that the judgment herein be reversed and that the plaintiff have judgment against the defendant, August Hernandez, for eighty-six 63!/100 dollars with five per cent per annum interest from April 7, 1915, till paid and all costs of both Courts.
Judgment reversed and judgment' for plaintiff as prayed for.