(115 So. 268)

No. 28792.

**STATE v. McCRARY.**

Nov. 28, 1927.

Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬅590(1)—Refusing defendant continuance to permit liquor analysis held not abuse of discretion, after more than three weeks since arraignment.**

In trial of defendant for selling intoxicating liquors for beverage purposes, namely, fluid extract of ginger and apricot flavoring extract, where, on the day of trial, he moved for a continuance on the ground that he had just employed counsel, and that he desired to submit the extracts for chemical analysis in order to show that they were unfit for beverage purposes, court's refusal of such continuance *held* not an abuse of discretion, since more than three weeks had elapsed between defendant's arraignment and the day of trial in which to employ counsel and apply for such analysis.

**2. Intoxicating liquors ⬅235—That intoxicating extracts were sold in other stores held not admissible on question of defendant's selling.**

Where, in prosecution of a druggist for selling fluid extract of ginger and apricot flavoring extract, allegedly intoxicating, he attempted to introduce evidence that such extracts were sold by other merchants, *held* that such evidence was not admissible, since it had no probative value for showing that the extracts were not intoxicating.

**3. Criminal law ⬅404(4)—Admitting allegedly intoxicating ginger and flavoring extracts held proper on sale charge, in view of other evidence, though not analyzed and shown fit for beverages.**

In druggist's trial for selling extract of ginger and apricot flavoring extract, allegedly intoxicating, the court's admitting the ginger and flavoring extracts in evidence *held* proper, in view of other evidence of witnesses that they had frequently drunk the same extracts and found them intoxicating, and that they had bought the extracts for beverage purposes from the defendant on his recommendation for use as a beverage, even though the extracts had not been analyzed and shown fit for beverage purposes.

164 LA.—34

**4. Criminal law ⬅1123—Bill that verdict was contrary to evidence presented nothing for consideration of Supreme Court.**

Bill of exception that verdict was contrary to the evidence *held* to present nothing for consideration of Supreme Court.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

J. O. McCrary was convicted of selling intoxicating liquors, to wit, fluid extract of ginger and apricot flavoring extract, for beverage purposes, and he appeals. Affirmed.

Overton & Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J. The defendant was convicted of selling intoxicating liquors for beverage purposes, to wit, fluid extract of ginger and apricot flavoring extract. His appeal presents four bills of exception.

I.

He was arraigned and pleaded not guilty on May 2d, and the case was at once fixed for trial on May 25th.

[1] On the day of trial he moved for a continuance on the ground that he had just employed counsel, and that he desired to submit said extracts for chemical analysis in order to show that they were unfit for beverage purposes. The trial judge refused the continuance, and defendant reserved his bill of exception No. 1.

The trial judge did not abuse his discretion in refusing the continuance. The defendant had more than three weeks between his arraignment and the day of trial in which to employ counsel and to apply for an analysis of the liquid.

His application was therefore not timely made; which distinguishes this case from State v. Lowery, 160 La. 811, 107 So. 583, wherein the application for permission to

analyze was refused, though timely made, and brings it within State v. Bramhall, 134 La. 1, 63 So. 603, where the application was denied because defendant had had ample opportunity to have such analysis made but did not avail himself thereof.

## II.

[2] Bill No. 2. The trial judge properly excluded as irrelevant the following question put by the defense to a state witness, to wit: "Did you ever buy this stuff any where else in Glenmora?" We cannot see how the fact that the liquid was sold generally by various other stores in Glenmora, where defendant had his drug store, can have any probative value whatever in showing that it was not fit for beverage purposes, and not intoxicating in character.

## III.

[3] Bill No. 3. The defendant objected to the introduction in evidence of the extract of ginger and flavoring extract, on the ground that same had not been analyzed, and therefore had not been shown to be fit for beverage purposes.

The trial judge says that witnesses had testified that the contents of the bottles offered were intoxicating; that they had frequently drunk of the same extracts; that they had bought said extract for beverage purposes; that the defendant had recommended it, and sold it to them for beverage purposes.

We think this was sufficient to admit the evidence.

## IV.

[4] Bill No. 4 brings up only the usual motion for a new trial on the ground that the verdict was contrary to the evidence, and presents nothing for the consideration of this court.

### Decree.

The judgment appealed from is therefore affirmed.