(115 So. 813)

No. 29052.

## STATE v. MURRY et al.

Feb. 13, 1928.    Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬁⇒590(2)—**Defendants not requesting appointment of attorney at arraignment, five days before trial, held not entitled to continuance because counsel had insufficient time to prepare case.**

In view of Rev. St. 1870, § 992, where defendants prosecuted for manufacturing intoxicating liquor, at arraignment five days before trial, did not tell court that they had no means to employ counsel and did not request appointment of counsel, they were not entitled to continuance because counsel, secured day of trial, did not have sufficient time to prepare case.

2. **Criminal law** ⬁⇒641(3)—**Defendants in criminal prosecution, unable to employ counsel, should so advise court at arraignment (Rev. St. 1870, § 992).**

In view of Rev. St. 1870, § 992, if defendants in criminal prosecution have no means to employ counsel, they should so advise court at their arraignment and request appointment of attorney to defend them.

3. **Criminal law** ⬁⇒600(2)—**Absence of witnesses for whom compulsory process was not used held not cause for continuance, especially where district attorney admitted their alleged testimony (Act No. 84 of 1894).**

In prosecution for manufacturing intoxicating liquor, defendants were not entitled to continuance for absence of two witnesses who had been summoned, and service on whom was domiciliary, where defendants did not use compulsory process to secure their attendance, especially in view of fact that district attorney admitted that absent witnesses if present would testify to facts set out in motion for continuance, which under Act No. 84 of 1894 gave state right to immediate trial.

4. **Criminal law** ⬁⇒600(2)—**Defendants held not entitled to continuance for absence of witness not summoned, especially where district attorney admitted alleged testimony (Act No. 84 of 1894).**

In prosecution for manufacturing intoxicating liquor, where defendants did not have witness summoned, they were not entitled to continuance for his absence, especially in view of failure to show reasonable probability of securing his attendance in future, and of admission by district attorney that if absent witness was present he would testify to facts set out in motion for continuance, which, under Act No. 84 of 1894, gave state right to immediate trial.

5. **Criminal law** ⬁⇒1160—**Trial judge's holding on motion for new trial that verdict was sustained by evidence, held conclusive on appeal from conviction.**

In prosecution for manufacturing intoxicating liquor, on motion for new trial on ground that verdict of guilty was contrary to law and evidence, trial judge's overruling motion because verdict was sustained by evidence, *held* conclusive on appeal.

Appeal from Third Judicial District Court, Parish of Union; S. D. Pearce, Judge.

L. D. Murry, Bud McMurrain, and Sandford Futch were convicted, the first-named person having pleaded guilty, of manufacturing intoxicating liquor, and defendants McMurrain and Futch appeal. Affirmed.

H. G. Fields, of Farmersville, for appellants.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

LAND, J. Defendants are indicted jointly for the manufacture of intoxicating liquor. L. D. Murry pleaded guilty and was sentenced to pay a fine of $300 and, in default of payment, to imprisonment in jail for a term of 12 months.

Defendants McMurrain and Futch pleaded not guilty on October 17, 1927, and the case was set for trial October 28, 1927. Both defendants were convicted, and each was sentenced to pay a fine of $310, and to be confined in jail for a term of 60 days, and, in default of payment, to imprisonment for an additional term of 12 months. The defendants McMurrain and Futch have appealed.

The record contains only two bills of exception. The first bill is reserved to the action of the trial judge in overruling a motion

for a continuance, and the second bill is taken to his action in overruling a motion for a new trial.

## Motion for Continuance.

[1] The motion for continuance is based upon allegations that defendants are poor men and were not able to secure counsel to defend them until the day of the trial, and that their counsel had not had sufficient time since his employment to prepare the case.

It is alleged also in the motion for continuance that L. D. Murry, Ozelle Futch, and Tommy Futch were material witnesses for defendant and were absent; that these witnesses, if present, would testify that defendants McMurrain and Futch had no interest in the still, but were innocent bystanders at the time of their arrest at the still, and were not connected in any way with the manufacture of the liquor by the defendant L. D. Murry.

In our opinion, the application for continuance was properly refused.

Defendants were warned by the trial judge when they were arraigned on October 17, 1927, to make all necessary preparations for their trial, which was fixed in their presence for October 28, 1927.

[2] If defendants had not the means to employ counsel, it was their duty to have so advised the court at the time of their arraignment, and to have requested the appointment of an attorney to defend them. Revised Statutes 1870, § 992; State v. Perry, 48 La. Ann. 654, 19 So. 684; State v. Sims, 117 La. 1040, 42 So. 494.

[3, 4] Defendants had ample time to secure the attendance of absent witnesses by compulsory process. The witnesses Ozelle Futch and Tommy Futch had been summoned, and the service made on these witnesses was domiciliary, as shown by the returns on the summons. The defense witness L. D. Murry was not summoned until the day of the trial.

While it is alleged that the innocence of defendants could be established by the testimony of this witness, who had pleaded guilty to the charge, it is stated in the motion for continuance that he had absconded in order to be absent on the day of the trial, and was then at some unknown point on the Ouachita river.

Defendants aver that they relied solely on the verbal promise of the witness L. D. Murry to be present at the trial. If defendants have seen fit to rely upon the mere volition of this witness to attend court, instead of invoking the compulsory process which the Constitution has provided them for procuring their witnesses, the fault is solely at the door of defendants themselves, and they cannot be heard to complain of the absence of witness in question. Defendants have not used the due diligence required by law to enforce the attendance of the absent witness, nor have they alleged in the motion for continuance any reasonable probability of securing his attendance in the future, if the continuance should be granted.

The motion for continuance in this case was not denied until after the district attorney had admitted that the absent witnesses of defendants, if present, would testify to the facts set out in the motion.

"Under Act 84 of 1894, the district attorney having admitted that if the absent witness were present he would testify as stated in the motion made under oath for a continuance, the state was entitled to an immediate trial." State v. Vial, 153 La. 892, 96 So. 799; State v. O'Neal, 136 La. 558, 67 So. 365.

## Motion for New Trial.

[5] Defendants' motion for a new trial is based upon the same grounds that are set out in the motion for continuance, with the additional ground that the verdict is contrary to the law and the evidence. The trial judge overruled the motion for new trial

on the ground that the verdict was sustained by the evidence.

As we have already disposed of the grounds of the motion for continuance adversely to defendants, no further question of law is presented for review by the motion for new trial.

The conviction and sentence as to both defendants are affirmed.