(125 So. 626)

No. 30332.

STATE v. DUBOSE et al.

In re DUBOSE et al.

Dec. 2, 1929. Rehearing Denied Jan. 6, 1930.

D. D. Newman, of Leesville, for relator.

LAND, J. Each of the defendants was convicted for the unlawful manufacture of intoxicating liquor for beverage purposes, and each was sentenced to imprisonment in the parish jail for a term of 60 days, and to pay a fine of $300. In default of payment of fine, each of the defendants was also sentenced to an additional term of 5 months, subject to work on the public roads as provided by law.

As the penalty imposed is below the appellate jurisdiction of this court, defendants have applied to our supervisory jurisdiction for the relief asked for by them.

(1) Relators complain that they have been deprived of their liberty without due process of law, in that their attorneys were not given sufficient time in which to prepare a defense, in that a motion for continuance was improperly overruled, and in that they were denied the benefit of compulsory process to obtain their witnesses for the trial.

(2) Relators also charge that they were not given any time in which to prepare or file any motions after conviction, and were not allowed the 24 hours given them by law before the imposition of the sentence.

1. It appears from the record that relators were arrested Monday night, October 21, 1929; were arraigned Tuesday night, October 22, 1929; and were tried on Friday, October 25, 1929.

In his answer to the rule nisi for a writ of certiorari, respondent judge states that relators had sufficient time in which to employ counsel and prepare a defense, and to secure their witnesses, but that the defendant Dubose did not summon any witness, and the defendant Moore waited until the day of the trial before he had a summons issued for one witness.

The respondent judge found that the application for a continuance, based upon insufficient time to prepare a defense and to summon the witnesses, was made for delay, and that defendants had not exercised due diligence.

Respondent judge also states that the defendants were the only persons found at the still at the time of their arrest, and that the defendant Moore, while on the stand, refused to say whose still it was, and whose liquor it was, and who was running the still.

We are not prepared to say, under all of these circumstances, that the trial judge abused the discretion, vested in him by law, in refusing the continuance applied for by relators.

2. Respondent judge also states in his return that the relators were asked if they were ready for sentence, and that they appeared for sentence, without objection, and without any request for delay in which to prepare or file motions after conviction. As a matter of fact, the motion for new trial in the case was filed after sentence, and came too late. Code Cr. Proc. art. 505; State v. Smith, 46 La. Ann. 1433, 16 So. 372; State v. Torris, 138 La. 463, 70 So. 475.

The record in the case fails to disclose any irregularity in proceedings, or arbitrary action upon the part of the trial judge, and for these reasons the application of relators should be denied.

It is therefore ordered that the rule nisi herein issued be recalled, that the stay of sentence be set aside, and that the application of relators for the relief prayed for be refused and dismissed, at their costs.