**BLAPPERT v. PAGLUIGHI.**

No. 16917.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1939.

Sidney Schoenberger, of New Orleans, for appellant.

George Dreyfous, of New Orleans, for appellee.

McCALEB, Judge.

Mirabeau Corporation sold to the defendant, Mrs. Mary Pagluighi, during her marriage with Frank Trigo, lot 4 in square

133 of the Third District of New Orleans on terms of credit. The credit portion of the sale was represented by a promissory note executed by Mr. and Mrs. Trigo secured by vendor's lien and special mortgage on the property sold under an act importing confession of judgment. On October 1, 1937, after the death of Frank Trigo, Philip A. Blappert, Jr., as holder and owner of the mortgage note, instituted foreclosure proceedings and obtained the issuance of an order for executory process. In due course, a writ of seizure and sale was issued and the property was advertised for sale by the civil sheriff. While the property was being advertised for sale, Mrs. Trigo applied for an injunction to prohibit the plaintiff and the civil sheriff from proceeding further with the seizure and sale of the property on the ground that the mortgage note was prescribed. Upon the showing made in her application, a temporary restraining order was issued on November 24, 1937.

After a trial of the rule nisi on the defendant's application for a preliminary injunction, the judge, being of the view that defendant's plea of prescription had not been satisfactorily established, recalled the temporary restraining order and refused to issue a preliminary injunction. This judgment was rendered on January 7, 1938, and was signed on January 13, 1938.

The defendant has prosecuted a devolutive appeal to this court from the judgment refusing the issuance of a preliminary injunction. Since the taking of the appeal, the mortgaged property has again been advertised for sale by the civil sheriff and was sold on April 14, 1938, under the writ of seizure and sale during the pendency of the case in this court.

The plaintiff has moved to dismiss the appeal on the ground that, since the prosecution of a devolutive appeal did not suspend the execution of the writ of seizure and sale, any decree this court could render would not have the effect of annulling the sale of the mortgaged property after its adjudication and that therefore the issue tendered presents a moot question.

■ The point is well taken. It is the established jurisprudence of this state that the validity of a sale made by the sheriff, by virtue of a writ of seizure and sale in executory proceedings, of a court having jurisdiction, cannot be affected by a reversal of the judgment or order on a devolutive appeal. On the contrary, the taking of a devolutive appeal implies the right to have the order appealed from executed. See Citizens' Bank v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160; King v. Hardwood Manufacturing Co., 140 La. 753, 73 So. 853; Trimble v. Chavis, 11 La.App. 208, 123 So. 513, and Bank of La Fourche v. Barrios, et al., 167 La. 215, 118 So. 893.

Counsel for the defendant maintain, however, that the foregoing authorities may be distinguished from the case at bar for the reason that the defendant in this matter has filed a notice of lis pendens in accordance with the provisions of Act 22 of 1904, whereas it does not appear that such a notice was given in any of the cited cases.

■ We cannot see that the filing of a lis pendens could have any effect whatsoever upon the question presented. The appeal has been prosecuted from a judgment of the trial court refusing a preliminary injunction which was applied for by the defendant for the purpose of stopping the sale of the property. Since the taking of the devolutive appeal, the property has been legally sold by the sheriff and no order could be rendered by this court which would have the effect of undoing that which has already been done. The filing of the lis pendens did not affect the validity of the sale and it could not protect the defendant during the pendency of her devolutive appeal.

For the reasons assigned, the appeal is dismissed.

Motion to dismiss sustained.