246 So.2d 849

**STATE of Louisiana, Appellee,**

**v.**

**Larry STAFFORD, Appellant.**

**No. 50814.**

March 29, 1971.

Rehearing Denied May 3, 1971.

Hobart O. Pardue, Jr., Springfield, for appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., Erlo J. Durbin, Edward B. Dufreche, Joseph H. Simpson, William M. Quin, Asst. Dist. Attys., for appellee.

TATE, Justice.

The defendant Stafford was convicted of simple robbery, La.R.S. 14:65, and sentenced to five years in the penitentiary. In appealing, he relies upon one bill of exceptions. The basis alleged for this bill is the prejudicial denial of a continuance.

Stafford was convicted after a two-day trial commencing March 2, 1970. He had retained his present counsel (Mr. Pardue) just before court opened at 9:30 a. m. on the first day of the trial. The minutes and proceedings show that, when the case was called for trial at about 11:00 o'clock, counsel moved for a continuance on the ground that he had just been retained and therefore needed time to prepare his case and to get his witnesses.

In denying the motion, the court noted that under ordinary circumstances this might be a good ground for continuance, but that the defendant was not entitled to a further trial delay in the present case. The court noted that initially the

defendant had retained an attorney (Mr. Cannon) on October 28, 1969. This attorney represented the defendant at the arraignment on November 7th, when, after a plea of not guilty, this case was first assigned for trial on February 2, 1970.

However, the trial court noted, the attorney (Mr. Cannon) stated at a pre-trial conference on January 26, 1970 that he had not been able to get in touch with the defendant. At the initial trial date of February 2, the accused appeared in court with his attorney (Mr. Cannon), but this retained attorney asked permission to withdraw because the accused would not cooperate with him in the preparation of his defense nor give him the names of any witnesses.

The court thereupon appointed another attorney (Mr. Hartenstine) to represent the accused, with the case being reassigned for trial on March 2, 1970. The defendant was specifically instructed to contact his court-appointed counsel and to cooperate with him. The record does not reflect why the defendant discharged this counsel, although apparently he did so by retaining yet a third attorney (Mr. Pardue) on the morning of his continued trial date, March 2nd.

It was in this context that, on the new trial date of March 2nd, the defendant sought to obtain yet a further continuance because he had just retained a new coun-

sel (Mr. Pardue), his third. At this time, the witnesses he allegedly desired for his trial had not yet been subpoenaed, and there is no showing that the defendant had attempted to do so, nor had informed his court-appointed counsel of his desire to do so during the four weeks between the first trial date and March 2nd. The trial had been continued to the latter date only because his previous retained counsel withdrew, due to the accused's lack of cooperation.

In denying the continuance, the trial court observed that it "was of the opinion that defendant, by employing other counsel on the morning of the trial, together with his previous uncooperative attitude in court, was only attempting to further delay his trial."

■ This ruling is correct. The trial court's sound discretion in the matter of continuances, La.Code Cr.P. Art. 712 (which will not be disturbed on review in the absence of arbitrary or unreasonable exercise, State v. Skinner, 251 La. 300, 204 So.2d 370, 388, 1967) was here not abused:

An accused may not obtain a delay merely by discharging or replacing previous counsel on the day of the trial and then claiming that his new counsel does not have adequate time to prepare his defense. Annotation, 66 A.L.R.2d 298, 304 (Section 4) (1959), cf. State v. Bland, 253 La. 185, 217 So.2d 195 (1968), noted, 30 La.L.Rev. 314–15 (1970). See also: State v. Murry, 165 La. 653, 115 So. 813 (1928); State v. McCrary, 164 La. 1057, 115 So. 268 (1928); State v. Williams, 162 La. 590, 110 So. 766 (1926); State v. Satcher, 124 La. 1015, 50 So. 835 (1909).

■ As the cited decisions show, an accused's unexplained replacement of his counsel on the eve of a trial date long fixed, or his unexcused delay in securing counsel until such date, may justifiably be regarded by the trial court as merely for the purpose of delay; it is thus not a recognized cause for continuance. 17 C.J.S. Continuances §§ 22, 23; 17 Am.Jur. 2d "Continuance", Sections 34, 35. This court (along with most courts of the nation) has long answered in the negative the question thus presented, "whether a defendant in a criminal prosecution ought to be allowed by his deliberate action to obstruct the administration of criminal justice, and to force a postponement of the trial * * *." State v. Satcher, 124 La. 1015, 1021, 50 So. 835, 837 (1909).

The facts support a finding that the accused deliberately attempted to delay his trial by his unexplained changes of counsel and by his refusal to assist them prior to the trial date(s). Having found the denial of a continuance justified because of this, we need not discuss in detail the further circumstances (a) that

a review of the record indicates an effective conduct of his defense by his able newly-retained counsel [1], (b) that this newly retained counsel did have and use the opportunity to interview and obtain witnesses afforded between the adjournment of the trial's first day (which was before the prosecution concluded its case) and its second and final day, and (c) that any failure to obtain corroborative alibi witnesses (the record indicates three did not show up, Tr. 49, 55, 58) in addition to those who did testify cannot be complained of, where the accused had failed to inform his previous two counsel of them or to secure subpoenas for their attendance during the four months between the arraignment and the trial date, State v. Elias, 230 La. 498, 89 So.2d 51 (1956), State v. Thompson, 228 La. 342, 82 So.2d 33 (1955), State v. Dubose, 169 La. 585, 125 So. 626 (1929).

In urging an abuse of discretion in denying the continuance, the appellant cites no jurisprudence contrary to that relied upon by us. His contentions that he was denied the effective assistance of counsel, aside from being factually unsupported by the record, overlook that he deliberately did not avail himself of prior counsel's assistance for no discernable reason except to obtain a further trial delay. Insofar as Canon 24 of the Canons of Pro-

fessional Ethics is cited, this canon of professional courtesy (not to force an opposing lawyer to trial to a particular day to his injury *"when no harm* will result from a trial at a different time") is inapplicable; it was not designed to permit a client to obstruct the administration of justice at his whim simply by changing counsel.

For the foregoing reasons, we affirm the conviction and sentence.

Affirmed.

an alibi that he was at another place, as well as an attempt to discredit the eyewitnesses.

---

1. The accused was positively identified as the robber by the victim and a co-participant in the robbery. His defense was