337 So.2d 1172 (1976)
STATE of Louisiana, Appellee,
v.
Eugene WIGGINS, Appellant.
No. 57951.
Supreme Court of Louisiana.
October 6, 1976.
Lyall G. Shiell, Jr., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty years at hard labor. None of the four assignments of error argued to this court possess reversible merit:
Assignment 1: On the morning of the trial, the defendant moved to discharge his retained counsel of five months and for another continuance, in order to obtain another counsel of his choosing. The accused had obtained three continuances previously, represented by his retained counsel, without previous complaint as to the latter's representation of him. The trial court did not abuse its discretion by refusing to grant this obviously dilatory motion, which was not based upon any recognized ground for change of counsel or for continuance. State v. Alexander, 334 So.2d 388 (La.1976); State v. Stafford, 258 La. 523, 246 So.2d 849 (1971).
Assignments 2 and 3: The defendant sought to obtain a mistrial on the ground that prejudicial conduct inside the courtroom allegedly made it impossible for him to obtain a fair trial. La.C.Cr.P. art. 775.
*1173 The motions for mistrial are based on obstructive behavior and disrupting remarks by the defendant, which at one point forced the trial court to remove him from the courtroom. On the first occasion, the trial court specifically admonished the jury to disregard the defendant's conduct as without bearing on the innocence or guilt of the defendant. On the second occasion, no such admonition was requested.
The motions for mistrial were properly denied. State v. Washington, 322 So.2d 185 (La.1975). A defendant cannot complain that prejudicial conduct requires a mistrial, when the alleged prejudice was created by his own obstructive conduct met by a reasoned and ordered reaction by the trial court in the interest of maintaining orderly procedure in the courtroom.
Assignment 6: The defendant had no right, as here claimed, to make surrebuttal argument to the state's closing rebuttal argument. La.C.Cr.P. art. 765(6). The defendant cites no legal authority in support of his contention that the statutory order of argument (state, defense, state rebuttal) provided by this article is unconstitutional.
This is, in fact, the prevailing statutory order of argument in American jurisdictions. 5 Wharton's Criminal Law & Procedure, Section 235 (Anderson ed., 1957). The Uniform Rules of Criminal Procedure, 521(7) (1974) (Natl. Conf. Comm'rs. Uniform State Laws), recommend that rebuttal and surrebuttal be authorized within the discretion of the court, but there is no intimation that the prevailing procedure offends any constitutional guarantee to a fair trial.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.