353 So.2d 262 (1977)
STATE of Louisiana
v.
Duane L. DICKERSON.
No. 60143.
Supreme Court of Louisiana.
December 19, 1977.
*263 James B. Doyle, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Robert H. Hester, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
SUMMERS, Justice.
By bill of information Duane L. Dickerson was charged with simple burglary of a structure belonging to Chris Alford on North State Street in the city of Baton Rouge. After waiving trial by jury he was convicted and sentenced to imprisonment for nine years. La.Rev.Stat. 14:62.
In the early morning hours of January 20, 1976, police were notified that a burglar alarm in Chris' Bar in Baton Rouge had been tripped. When they arrived at the scene the officers noticed that a door to a storeroom attached to the back of the building had been broken off of its hinges. A hole had been knocked in a paneled wall in the office adjacent to the storeroom. Defendant was apprehended as he was leaving the storeroom. Nothing was missing from the bar.
Five arguments based upon assignments of error are made in support of this appeal.

Assignment 1
Defendant was arrested on January 20, 1976. He appeared for arraignment without counsel on March 25, 1976, waived counsel for the purpose of arraignment, and notified the court of his intention to retain counsel. At this time he waived formal arraignment and pled not guilty, and the case was scheduled for trial on May 5, 1976. On that day defendant appeared for trial without counsel again informing the court that he would retain counsel. The trial was reassigned for June 1, 1976.
On June 1, 1976 defendant appeared for trial, represented by counsel. His counsel filed an unsworn motion for continuance on that day alleging that he was first contacted by defendant on May 25, 1976 and he would not have time to prepare for trial or pursue any discovery proceedings. The motion was denied, the defendant waived trial by jury, and the case proceeded to trial.
Granting of a motion for continuance is a matter which lies in the discretion of the trial judge. La.Code Crim.Pro. art. 712. The exercise of that discretion will not be disturbed by this Court in the absence of a showing that the ruling is arbitrary and an abuse of discretion. State v. Hopkins, 351 So.2d 474 (La.1977); State v. Smith, 322 So.2d 197 (La.1975); State v. Brewer, 301 So.2d 630 (La.1974).
This Court has held that although an accused has the right to counsel of his own choosing to defend him on a criminal charge, "this right does not permit arbitrary action which obstructs orderly procedure in courts." And further, "the right to choose one's attorney is a right to be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage . . . ." State v. St. Amand, 274 So.2d 179, 189 (La. 1973). See also, State v. Stafford, 258 La. 523, 246 So.2d 849 (La.1971).
There was no abuse of discretion in the denial.

Assignment 2
Defendant objects to the admission into evidence of certain inculpatory statements on the ground that notice in accordance with Article 768 of the Code of Criminal Procedure was given to defendant in the absence of counsel.
*264 The minutes of court reflect that on May 5, 1976, the date originally scheduled for trial, defendant was given the 768 notice at a time when he was not represented by counsel. Article 768 requires that if the State intends to introduce a confession or inculpatory statement in evidence, "it shall so advise the defendant in writing" prior to beginning the State's opening statement, otherwise the statement shall not be admissible in evidence.
In this case there has been a compliance with the literal terms of the article almost one month before trial, and the defense contention is without merit. State v. Taylor, 336 So.2d 855 (La.1976). Moreover, no objection was made to the introduction of the statement at the trial and the question is not properly before the Court. La.Code Crim.Pro. art. 841; State v. Zeno, 322 So.2d 136 (La.1975); State v. Williams, 346 So.2d 181 (La.1977); State v. Schamburge, 344 So.2d 997 (La.1977).

Assignment 3
Relying upon the legal presumption that evidence under the control of a party and not produced by him was not produced because it would not have aided him, the defense asserts the trial judge erred in not according him the benefit of that presumption. La.Rev.Stat. 15:432; State v. Johnson, 249 La. 950, 192 So. 135 (1922).
The issue was presented in the following context: Officer Parsley testified on behalf of the State. On direct examination he said that after defendant was arrested, and while he was in the police vehicle, he was asked what he was doing when he was apprehended. Defendant replied, "Gee, I just needed a drink" or "I just needed some more to drink," or "I just went inside to get something to drink," or words to that effect.
As the defense contention is understood, no weight should have been given to this inculpatory statement by the trial judge because Officer Holmes, who was present at the time, testified that Officer Parsley did not ask defendant any questions. Other witnesses, who were present at the time and under the sole control of the State, could have been called by the State to clarify this contradiction in the testimony of the two officers but were not called, according to the defense contention. This failure on the part of the State entitled defendant to the presumption that these witnesses would testify against the State, meaning they would further contradict Parsley's testimony. As a consequence Officer Parsley's testimony that defendant admitted he entered the structure should have been discounted.
A careful reading of the testimony of Officers Parsley and Holmes does not support the conclusion that they were contradictory. In fact, their testimony permits a reasonable inference that while Holmes and other officers may have been nearby when defendant made the statement, they may not have been near enough to hear what was said, not that defendant did not make a statement.
Furthermore, the State did call the three officers in addition to Parsley and Holmes who were present at the time to testify on behalf of the State. These witnesses were, therefore, available to the defense also.
There is no merit to this assignment.

Assignments 7, 8 and 9
Evidence at the trial should have created a reasonable doubt of defendant's guilt and there was no evidence of intent to commit a felony or any theft by the defendant, the defense contends. Therefore, it is asserted, the trial judge erred in denying a directed verdict at the close of the State's case. These contentions are not supported by the evidence.
Simple burglary is defined as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein . . . ." La. Rev.Stat. 14:62.
To support the contention that there was no evidence of intent to commit a felony or theft by defendant when he entered the building, the defense refers to the testimony of the proprietor of the establishment *265 that he did not discover anything disturbed or missing. The trial judge found, however, that the intent to commit a theft of beer was established, apparently relying upon Officer Parsley's testimony that defendant said he broke into the building to get something to drink. In addition, the evidence is to the effect that defendant had a hacksaw blade and file in his pocket and a pair of socks over his hands when he was apprehended.
Because it is an element of this crime and a question of fact which must be established, and because intent is subjective in character it need not be proven as a fact, it may be inferred from the circumstances of the transaction. La.Rev.Stat. 15:445.
On the record of this case the trial judge could reasonably conclude that defendant intended to commit a theft in the building. Therefore, no error was committed when the motion for a directed verdict was denied.

Assignment 10
The defense contends that the maximum sentence of nine years is excessive in this case. The brief relies upon Section 20 of Article I of the Constitution which declares that "no law shall subject any person to . . . cruel, excessive, or unusual punishment."
The defense does not allege, and this record fails to disclose, that the defense objected to the sentence at the time of its imposition. The issue of the excessiveness of the sentence was therefore not raised in the trial court. And when defendant moved for an appeal shortly after sentencing, the trial court was divested of jurisdiction and that of the appellate court attached. La. Code Crim.Pro. art. 916.
On appeal this Court cannot consider an irregularity or error unless it was objected to at the time of its occurrence. La.Code Crim.Pro. art. 841. It is too late therefore to argue the excessiveness of the sentence for the first time in this Court. State v. Williams, 340 So.2d 1382 (La.1977); State v. Anthony, 332 So.2d 214 (La.1976); State v. Williams, 322 So.2d 177 (La.1975).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs and assigns reasons.
DIXON, Justice (concurring).
I concur. Although there is no showing of an intelligent waiver of the Louisiana constitutional right of review of an excessive sentence (Art. 1, § 20, La.Const. of 1974), the record before us does not establish its excessiveness.