482 So.2d 7 (1985)
STATE of Louisiana
v.
Harry LUCAS.
No. KA 85 0588.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*8 William Quin, Asst. Dist. Atty., Amite, for plaintiff-appellee State of La.
Thomas Foley, Asst. Public Defender, Amite, for defendant-appellant.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant Harry Lucas was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. After trial by jury, defendant was convicted as charged[1] and subsequently sentenced to serve twenty-five years at hard labor under the custody of the Department of Corrections.[2] He appeals his conviction and sentence, setting forth three assignments of error:
(1) The trial court erred in denying his motion for change of venue;
(2) The evidence is insufficient to sustain the conviction; and
(3) The trial court erred in denying his motion for a mistrial.
We affirm the conviction but vacate the sentence and remand for resentencing.
Defendant was charged with the armed robbery of Barbara Tallo at her notarial office in Hammond, Louisiana. The victim and her maid, Emma Mitchell, were in the office at 3:00 p.m. on April 12, 1984 when defendant walked inside, armed with a small kitchen knife. Defendant held the knife against the victim's back as he robbed her of a diamond ring and ring guard, a partial denture plate, approximately $1,300 in cash and money orders, and several checks. Subsequently, in two photographic lineups and a physical lineup, the victim identified defendant as the man who had robbed her. Further, the victim positively identified the defendant at trial.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the trial court erred in denying his motion for a change of venue.
A hearing on defendant's motion was conducted prior to trial on the merits. Defendant was the only witness to testify. He claimed that he believed he would not be able to obtain a fair trial because of his prior record and the fact that he had previously argued in open court with another judge. The trial court denied defendant's motion, stating that defendant had made no showing whatever of any kind of prejudice. *9 Defendant argues that the trial court should have concluded that actual prejudice existed which would affect the answers of prospective jurors on voir dire.
LSA-C.Cr.P. art. 622 provides:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
The burden is on the defendant to prove that there exists such prejudice in the collective minds of the people of the community that a fair and impartial trial is impossible. State v. Brogdon, 426 So.2d 158 (La. 1983); State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.1984), writ denied 460 So.2d 604 (La.1984). Relevant factors to consider in determining whether to change venue are the nature of the pretrial publicity and the particular degree to which it had circulated in the community, the connection of government officials with the release of the publicity, the length of time between the dissemination of the publicity and the trial, the severity and notoriety of the offense, the area from which the jury is to be drawn, other events occurring in the community which either affect or reflect the attitude of the community or individual jurors toward the defendant, and any other factor likely to affect the candor and veracity of the prospective jurors on voir dire. Although the trial court possesses a broad range of discretion in this area, the reviewing court is required to make an independent evaluation of the facts to determine whether the accused received a fair trial unfettered by outside influences. State v. Willie, 410 So.2d 1019 (La.1982), cert. denied 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 723 (1984); State v. Bennett, supra. If a defendant can demonstrate that actual prejudice, influence or other reasons exist which will affect the answers of the jurors on the voir dire examination or the testimony of the witnesses at trial, the court must take this into consideration in deciding whether to grant a change of venue. Extensive knowledge in the community of either the crime or the putative criminal is not in itself sufficient to render a trial constitutionally unfair. In this instance, defendant failed to establish prejudice of any degree. We thus find no error in the trial court's denial of defendant's motion for change of venue.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant argues that the evidence is insufficient to sustain the verdict. Specifically, he argues that the identification was faulty and that the state failed to prove that the robbery was committed with a dangerous weapon.
Defendant was positively identified at trial by the victim, who testified that the crime took place in her notarial office at three o'clock in the afternoon. She stated that she recognized defendant at that time from a previous encounter, which had occurred a few days before the robbery. On that earlier date, defendant had entered her office at closing time, ostensibly seeking employment; however, he initially refused to leave when she requested that he do so. She testified that this incident had frightened her and when the defendant returned to her office a second time she immediately perceived his intention to rob her. The victim additionally identified defendant as the man who had robbed her, in two photographic and one physical lineup, shortly after the robbery.
The testimony of the victim is sufficient to establish the elements of the offense. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ denied 449 So.2d 1347 (La.1984). The victim's testimony, positively identifying the defendant as the man who had robbed her, was unambiguous.
*10 Defendant further argues that the state failed to prove that the robbery was committed with a dangerous weapon, a requisite element of the offense of armed robbery under LSA-R.S. 14:64.
The victim testified that although she did not personally see the knife, she felt the point pressed against her back and believed defendant when he said he would kill her with it. Further, the witness Emma Mitchell testified that she saw defendant take a small, green-handled knife from his pocket as he entered the office and found a knife fitting that description lying on the ground outside the office door, after defendant had fled the scene. She identified the knife produced at trial as the knife she saw in defendant's hand and later found after he had fled. She also testified that the victim had shown her a scar on her back where defendant had held the knife to her.
The state clearly proved this element of the offense. Assignment of Error Number Two has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant argues that the trial court erred in denying his motion for a mistrial. The record shows that defense counsel moved for a mistrial after defendant purposefully removed his sweater in open court to reveal his prison attire marked with the name of the correctional institution where he was presently incarcerated. Defense counsel argued that a mistrial was warranted in that defendant's action prejudiced him in the eyes of the jury.
It is well-established that a defendant cannot complain that prejudicial conduct requires a mistrial when the alleged prejudice was created by the defendant's own obstructive conduct, met by a reasoned and ordered reaction by the trial court in the interest of maintaining orderly procedure in the courtroom. State v. Wiggins, 337 So.2d 1172 (La.1976). In State v. Shank, 448 So.2d 654, 657 (La.1984), the Louisiana Supreme Court considered the impact of an unruly defendant's behavior during trial and noted as follows:
Now defense counsel argues that his client's conviction and sentence should be set aside because of the prejudicial impact on the jury caused by his client's own conduct. It is obvious that to afford a defendant such relief, based on his own conduct, is to give him a tool by which he can effectively prevent forever a final determination of his guilt. Such a result cannot be tolerated if our system of justice is to survive. This was pointed out almost one hundred years ago, Falk v. United States, 15 App. D.C. 446 (1899), and has since been consistently reaffirmed. (Citations omitted)
After becoming aware of defendant's action, the trial court, out of the presence of the jury, ordered the state to provide unmarked clothing to defendant and instructed him to speak only to his attorney and to refrain from further conduct designed to disrupt the trial. We find that the trial court responded properly to defendant's deliberately provocative behavior and did not err in denying defendant's motion for a mistrial based on his own intentionally disruptive behavior. This assignment of error has no merit.

PATENT ERROR
We note ex proprio motu that the trial court imposed an illegal sentence. The record shows that defendant was convicted by a jury, on a vote of 11-1, of armed robbery, a violation of LSA-R.S. 14:64. In pertinent part, that statute provides:
"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence." (Emphasis supplied)
The record reflects that the trial court sentenced defendant to serve twenty-five years at hard labor in the custody of the state Department of Corrections, the sentence to be served consecutively with a *11 sentence already being served on a previous robbery conviction. As the sentencing judge did not specify that the sentence was to be served without benefit of parole, probation or suspension of sentence, this is a patent sentencing error. LSA-C.Cr.P. art. 920. Following our decision in State v. Henry Major, 476 So.2d 540 (La.App. 1st Cir.1985) and State v. Fraser, 471 So.2d 769 (La.App. 1st Cir.1985), writ granted, September 27, 1985, we must remand to the trial court for appropriate action.[3]
For the foregoing reasons, the conviction for armed robbery is affirmed; however, the sentence is vacated and the case remanded to the district court for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] We note an apparent typographical error in the printed verdict form submitted to the jury at the close of trial. The verdict form listed the following as verdicts responsive to the offense charge:

a) Guilty.
b) Guilty of manslaughter.
c) Guilty of simple robbery.
d) Not guilty.
The jury returned a verdict of "Guilty". The record reflects that the trial judge correctly charged the jury with the responsive verdicts as set forth in LSA-C.Cr.P. art. 814, subd. A (22):
a) Guilty.
b) Guilty of simple robbery.
c) Guilty of attempted armed robbery.
d) Not guilty.
Despite the error in the verdict form submitted to the jury, the verdict returned clearly conveys the intent of the jury to convict defendant of the offense charged, armed robbery. LSA-C.Cr.P. art. 810.
[2] The state filed an habitual offender petition which is currently being held in abeyance because defendant escaped from the correctional institution in which he was being held and is still at large.
[3] The record indicates that the defendant is a fugitive from justice. We recognize he cannot be resentenced until his presence is secured.