Le BLANC, Judge.
Defendant, Howard Bennett, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. After trial by jury, defendant was convicted as charged and sentenced to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. He appeals his conviction and sentence, setting forth eight assignments of error, but briefing only the assignment dealing with sufficiency of the evidence. Those assignments of error not briefed are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
On the afternoon of November 13, 1985, Paula Dick was working alone at Shenandoah Cleaners in Baton Rouge, Louisiana. At approximately 3:50 p.m., Ms. Dick was in the back of the cleaners when she heard the bell attached to the door ring. She went to the front of the store and saw defendant standing at the counter. He put a gun, with a white shirt draped over it, on *836 the counter and told her to open the cash register. Ms. Dick complied, giving him $32.00 in cash, plus all the checks in the register. Defendant threw the checks down, backed out of the door and ran away.
Paula Dick provided police with a description of the robber whom she recognized as the same man who had come into the cleaners one week earlier on November 6th, ostensibly to ask what time it was. Following the incident on November 6th, Ms. Dick called the sheriffs office and filed a suspicious persons report. After the robbery on November 13th, the victim identified defendant in two photographic lineups as the man who robbed her. Further, the victim positively identified defendant at trial.
After his arrest, defendant gave a statement in which he admitted going into the cleaners on November 6th, but stated that his purpose was merely to check on the time. Defendant denied committing the armed robbery which occurred a week later at the cleaners.
SUFFICIENCY OF EVIDENCE
In his sole briefed assignment of error, defendant urges that the jury’s verdict is contrary to the law and the evidence. Specifically, he contends there exists a likelihood of misidentification by the victim; and, thus, no rational factfinder could have found proof of every element of the crime proven beyond a reasonable doubt, as required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We note initially that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for post-verdict judgment of acquittal. See La.Code Crim.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983). However, this Court will review sufficiency of the evidence when raised by formal assignment of error.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court must apply the standard enunciated by the United States Supreme Court in Jackson v. Virginia. This standard is whether the evidence, both direct and circumstantial, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Capt-ville, 448 So.2d 676 (La.1984). This standard has been codified in La.Code Crim.P. art. 821.
Under the Jackson standard, when the issue is not the commission of the crime but, rather, whether the defendant was the perpetrator, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Long, 408 So.2d 1221, 1227 (La. 1982); State v. Marshall, 479 So.2d 598, 602 (La.App. 1st Cir.1985). The testimony of the victim is sufficient to establish the elements of the offense. State v. Lucas, 482 So.2d 7 (La.App. 1st Cir.1985); State v. Marshall, supra.
In the instant ease, defendant was positively identified at trial as the man who robbed Ms. Dick. She stated that on the date of the robbery she immediately recognized defendant from the previous occasion when he had entered the cleaners. Additionally she also identified defendant as the robber in two photographic lineups several days after the robbery.
The record shows that the victim observed the robber clearly and at very close range during the armed robbery. The robbery took place during daylight hours, inside a well-lighted store. The victim’s identification of defendant was positive and unequivocal. Thus, we conclude the state carried its burden of proof by negating any reasonable probability of misidentification of defendant as the person who committed the armed robbery of Paula Dick. The evidence of record is sufficient to support the jury’s verdict.
Accordingly, this assignment of error is without merit.
AFFIRMED.