634 So.2d 965 (1994)
STATE of Louisiana, Appellee,
v.
William Earl DeGRATE, Appellant.
No. 25732-KA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
Rehearing Denied April 28, 1994.
*966 Peggy J. Sullivan, West Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus Clark, Asst. Dist. Atty., Monroe, for appellee.
Before NORRIS, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
Originally charged with distribution of a substance falsely represented to be cocaine, LSA-R.S. 40:971.1, William Earl DeGrate proceeded to trial representing himself. The district court, upon deeming the accused's performance to be lacking and thus prejudicial *967 to his case, declared a mistrial sua sponte. Thereafter, defendant sought to quash the bill of information on double jeopardy grounds. When that tactic proved unavailing, he pled guilty in exchange for the state's agreement not to pursue recidivist charges.
Finding error in the denial of the double jeopardy claim, we reverse the conviction, vacate the sentence, and order defendant released.

PROCEDURAL HISTORY
On October 12, 1992, after expressing continued dissatisfaction with the assistance of appointed counsel, DeGrate moved to represent himself during the trial scheduled to begin that date. Upon concluding that the accused knowingly and intelligently desired to waive his right to an attorney, the district judge authorized self-representation. Defendant then unsuccessfully argued various pre-trial motions and participated in the voir dire examination of prospective jurors. The next day, he made an opening statement and cross-examined several state witnesses.
During these proceedings, however, the trial judge observed the accused's performance to be sorely deficient. Despite warnings by the court, Degrate continually argued with witnesses about their factual statements. Additionally, he made legal arguments and cited cases without requesting removal of the jury. In one instance, defendant threatened a state witness with contempt of court if unable to name each of the many police officers involved in the sting operation in the case. Resolution of such issues repeatedly entailed extensive discussions with the judge and district attorney. The court considered Degrate's behavior, on ten to fifteen occasions, to be technically contemptuous. Finally, believing that such conduct had generally inflamed the jurors and would cause any verdict to be reversed on appeal, the district judge aborted the proceedings by declaring a mistrial on his own motion.
When later faced with another trial on the same charge, defendant moved to quash the bill of information. Maintaining the mistrial to have been validly declared, the lower court denied the requested relief. Thereafter, DeGrate pled guilty and received a five-year sentence. This appeal ensued.

DISCUSSION
In his first assignment of error, defendant asserts that the trial court erred in denying his motion to quash predicated on double jeopardy grounds. We agree.[1]
The guarantees against double jeopardy set forth in the Fifth Amendment and the Louisiana Constitution, Article I, § 15, find delineation in the present matter through LSA-C.Cr.P. Art. 591:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
Mistrials, when declared without the defendant's consent and if not based on any of the grounds enumerated in LSA-C.Cr.P. Art. 775, will constitute illegal dismissals and activate the principles of double jeopardy. Official Comment (e) to LSA-C.Cr.P. Art. 775; State v. Joseph, 434 So.2d 1057 (La.1983); State v. Coffil, 377 So.2d 106 (La.1979).
After witnessing the above-described trial events, the lower court concluded that DeGrate lacked the skills necessary to conduct his own defense and that his attempts to do so would create reversible error on appeal. Accordingly, the judge declared a mistrial, sua sponte, pursuant to LSA-C.Cr.P. Art. 775(3).[2] However, as discussed below, neither a defendant's inability to represent himself *968 nor his own disruptive behavior constitute valid grounds for a mistrial.
Although the Sixth Amendment grants an accused the right of self-representation, before exercising that option he must make a knowing and intelligent waiver of his right to an attorney. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Kennon, 588 So.2d 1348 (La. App.2d Cir.1991), writ denied, 600 So.2d 634 (La.1992); State v. Dupre, 500 So.2d 873 (La.App. 1st Cir.1986), writ denied, 505 So.2d 55 (La.1987). However, the propriety of allowing a defendant to make this election shall not be judged by what happens in the subsequent course of that representation. Rather, it is the record made in recognizing the waiver that controls. State v. Kennon, supra; State v. Dupre, supra. Nor can a defendant, after choosing to represent himself, later complain that the quality of his own defense was lacking. State v. Rinehart, 544 So.2d 1281 (La.App. 4th Cir.1989).
Thus, even if DeGrate actually complained on appeal about the validity of his waiver of counsel, in examining for reversible error, this court would have considered only the hearing during which he made this election and not any subsequent trial proceedings. Logically then, inasmuch as a defendant's later-discovered inability to represent himself will not warrant reversal, that ineptitude cannot constitute a valid basis for mistrial.
Neither can a defendant successfully maintain that prejudice resulting from his own inappropriate behavior mandates a mistrial or a new trial. State v. Shank, 448 So.2d 654 (La.1984); State v. Wiggins, 337 So.2d 1172 (La.1976); State v. Tyler, 607 So.2d 910 (La.App.2d Cir.1992), writ denied, 612 So.2d 97 (La.1993); State v. Lucas, 482 So.2d 7 (La.App. 1st Cir.1985). To afford a defendant such relief, based on his own conduct, would obviously provide a means by which he could forever effectively prevent a final determination of his guilt. State v. Shank, supra.
Hence, finding no valid grounds for granting a mistrial, we must determine whether DeGrate consented to the dismissal. Clearly, the lower court took this action without the accused's request. Furthermore, the absence of a contemporaneous objection does not bar a subsequent plea of double jeopardy when the first trial ends in a mistrial by the district judge's own motion, and when the motion does not benefit the accused. State v. Joseph, supra; State v. Simpson, 371 So.2d 733 (La.1979). Here, then, defendant's failure to object immediately did not function as an acquiescence in the ruling.
Nor did the mistrial benefit DeGrate. From the outset of these proceedings, he rejected any assistance from counsel and adamantly asserted his desire to represent himself. As explained above, having chosen this course, he could not complain on appeal about his own inept defense or obstructive conduct.
Therefore, the trial court having ordered a mistrial without defendant's consent and without any authorization under LSA-C.Cr.P. Art. 775, the motion to quash the bill of information should have been granted.[3]

CONCLUSION
For the foregoing reasons, the conviction is reversed, the sentence vacated, and William Earl DeGrate ordered released.
REVERSED AND VACATED.

APPLICATION FOR REHEARING
Before NORRIS, LINDSAY, HIGHTOWER, STEWART and WILLIAMS, JJ.
Rehearing denied.
NOTES
[1] At the outset, it should be observed that defendant's unqualified guilty plea does not foreclose his double jeopardy challenge. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); State v. Dubaz, 468 So.2d 554 (La.1985); State v. Lee, 554 So.2d 180 (La.App.2d Cir.1989).
[2] That provision states that a mistrial may be ordered when there is a legal defect in the proceedings which would make any judgment entered upon a verdict "reversible as a matter of law."
[3] Having so concluded, we do not reach defendant's second assignment of error in which he assails his sentence as excessive.