STATE OF LOUISIANA     *       NO. 2024-K-0522

VERSUS                *

                           **COURT OF APPEAL**

RASHEED MCCLEBB     *

                           **FOURTH CIRCUIT**

               *

                           **STATE OF LOUISIANA**

               * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 557-316, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Brady Minnow Smith
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/RELATOR, RASHEED MCCLEBB

Jason Williams
District Attorney
Brad Scott
Chief of Appeals
Thomas Frederick
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RESPONDENT, STATE OF LOUISIANA

                    **WRIT GRANTED; RELIEF DENIED**
                         **September 16, 2024**

Relator, Rasheed McClebb ("Mr. McClebb"), seeks review of the trial court's July 26, 2024 denial of his Motion to Quash the Bill of Indictment in advance of his second trial after a mistrial. For the following reasons, we find Mr. McClebb did not preserve the issue for review. Accordingly, the writ is granted, but relief is denied.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On March 9, 2023, an Orleans Parish Grand Jury indicted Mr. McClebb on the charge of second-degree murder, in violation of La. R.S. 14:30.1. On July 8, 2024, a jury trial commenced. The July 10, 2024 transcript of the trial proceedings reflects that the trial court declared a mistrial "based upon the fact that we've been attempting to get a verdict in this matter now for five and a half hours, I'm going to declare a mistrial. This case is over with."

On July 26, 2024, the parties appeared before the court for a pre-trial conference, wherein Mr. McClebb filed a Motion to Quash the Bill of Indictment on the grounds that a retrial in the matter "would place him twice in jeopardy, in violation of the Louisiana and U.S. [C]onstitutions." The trial court, without issuing reasons, denied Mr. McClebb's Motion to Quash the Bill of Indictment.

1

In *State v. Butler*, 14-1016, p. 3 (La. App. 4 Cir. 2/11/15), 162 So. 3d 455, 459, this Court set forth the standard for reviewing a district court's ruling on a motion to quash as follows:

> The standard of review that we apply in reviewing a district court's ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented, … we apply a *de novo* standard of review. *State v. Olivia*, [20]13–0496, pp. 2–3 (La. App. 4 Cir. 3/26/14), 137 So.3d 752, 754; *State v. Schmolke*, [20]12–0406, p. 4 (La. App. 4 Cir. 1/16/13), 108 So.3d 296, 299*; see also State v. Hamdan,* [20]12–1986, p. 6 (La.3/19/13), 112 So.3d 812, 816 (noting that "[o]n appeal from the trial court's ruling on a motion to quash, the trial court's legal findings are subject to a *de novo* standard of review"). In contrast, when mixed issues of fact and law are presented … we apply an abuse of discretion standard. S*tate v. Hall,* [20]13–0453, pp. 11–12 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing *State v. Tran*, [20]12–1219, p. 2 (La. App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3) (explaining that "[i]n reviewing rulings on motions to quash where there are mixed questions of fact … a trial judge's ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion"); *State v. Love*, [20]00–3347, pp. 9–10 (La.5/23/03), 847 So.2d 1198, 1206 ("[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion").

(quoting *State v. Trepagnier*, 14-0808, p. 5, n.3 (La. App. 4 Cir. 11/19/14), 154 So. 3d 670, 673).

## *MISTRIAL*

Mr. McClebb contends, "[b]ecause the district court's *sua sponte* declaration of a mistrial—without any request from the parties and without a manifest necessity—flaunted both federal and state constitutional law, re-trying [him] for

the offense alleged in count 1 of the [b]ill of [i]ndictment would constitute double jeopardy." Thus, Mr. McClebb contends that the trial court erred in denying his motion to quash in advance of his second trial for the same offense.

> Both the United States and the Louisiana Constitution afford double jeopardy protection; the Fifth Amendment to the United States Constitution and Article I, § 15 of the Louisiana Constitution prohibit the government from twice placing a person in jeopardy for the same offense. Double jeopardy protection is codified in La. C.Cr.P. Art. 591, which provides that "[n]o person shall be twice put in jeopardy of life or liberty for the same offense, except, ... where there has been a mistrial legally ordered under the provisions of Article 775."

*State v. Copelin*, 16-0264, p. 8 (La. App. 4 Cir. 12/7/16), 206 So. 3d 990, 996. Louisiana Code of Criminal Procedure Article 775 provides, in pertinent part: "A mistrial may be ordered, and in a jury case the jury dismissed, when: (2) The jury is unable to agree upon a verdict."

As reflected in the trial transcript, neither party objected to the ordered mistrial, nor did either party submit a motion seeking a twenty-four hour stay of proceedings to allow for the filing of an emergency writ application pursuant to the provisions of La. C.Cr.P. art. 775.1, which provides:

> If a judge orders a mistrial, then upon motion of either the state or the defendant, the court shall order an automatic twenty-four-hour stay of all proceedings in which either the state or the defendant may take an emergency writ application to the appropriate reviewing courts with appellate jurisdiction, including the Louisiana Supreme Court. The jury shall not be released pending the stay unless both the state and defendant agree to release the jury.

Mr. McClebb asserts that even though he failed to object or, for that matter, seek a twenty-four hour stay of the proceedings to allow for the filing of an emergency writ, he "did not waive his right to invoke a double jeopardy claim."

3

Mr. McClebb relies upon *State v. Joseph,* 434 So. 2d 1057, 1060 (La. 1983), wherein the Supreme Court reiterated its finding in an earlier decision "that the failure of the defendant to object to a mistrial which he had not sought and from which he [had] not benefited was inconsequential since once a mistrial is declared the trial is over." Further, Mr. McClebb cites *State v. DeGrate*, 634 So. 2d 965, 968 (La. App. 2 Cir. 3/30/94), a case in which the Second Circuit stated: "[T]he absence of a contemporaneous objection does not bar a subsequent plea of double jeopardy when the first trial ends in a mistrial by the district judge's own motion, and when the motion does not benefit the accused." However, Mr. McClebb's reliance on this jurisprudence is misplaced.

In *State v. Copelin*, a similar factual situation was presented. The trial court declared a mistrial in the defendant's first trial and defendant did not object to the court's action nor did he seek relief pursuant to La. C.Cr.P. art. 775.1. *Copelin*, 16-0264, p. 6, 206 So. 3d at 995. Thereafter, the defendant filed a motion to quash contending that any effort to retry him constituted a violation of his protection against double jeopardy. *Id.*, 16-0264, p. 2, 206 So. 3d at 993.

To counter the State's argument that defendant failed to preserve his double jeopardy claim by failing to object and failing, under the provisions of La. C.Cr.P. art. 775.1, to seek immediate review of the trial court's mistrial ruling, defendant, relying on *Joseph, supra,* along with *State v. Simpson,* 371 So.2d 733 (La. 1979),[1] averred that he was not required to object or seek relief pursuant to Article 775.1.[2]

---

[1] In *Simpson,* 371 So. 2d at 738, the Supreme Court, in determining an objection to a mistrial was not necessary, noted: "When a mistrial is declared, the jury is dismissed …. Unless the defendant anticipates the declaration of a mistrial, the trial ends without the opportunity to object."

[2] In *Copelin,* this Court noted that *Degrate, supra,* a 1994 opinion from the Second Circuit, likewise provided that a defendant's failure to raise an objection at the time the mistrial was

In rejecting defendant's argument, this Court reasoned:

> Read together, the *Simpson* and *Joseph* cases have the untenable effect of making the declaration of a mistrial insusceptible to review and thus create a predicament under which an aggrieved party must anticipate the declaration of a mistrial. Stated otherwise, these cases hold that a trial court's declaration of a mistrial is an immediate, irrevocable disposition that cannot be undone or recalled. By enacting Article 775.1, which became effective in 2004 (La. Acts 2004, No. 413 § 1), the Louisiana Legislature, in effect, abrogated the holdings in *Simpson* and *Joseph*.
>
> By imposing an automatic stay when invoked, Article 775.1 precludes a trial court from simultaneously granting a mistrial and dismissing the jury and thereby depriving the aggrieved party from seeking appellate review. Indeed, the apparent purpose for enacting Article 775.1 was to create a procedural device for the aggrieved party to preserve the status quo pending an appellate court's ruling on the issue. An aggrieved party's remedy is not to seek reconsideration of the issue before the trial court; rather, their remedy is to request a twenty-four hour automatic stay of the proceedings—thereby delaying the release of the jury—in order to file an emergency writ application with the appropriate appellate court and, if necessary, the Louisiana Supreme Court.
>
> The Louisiana Supreme Court has repeatedly held that an irregularity or error cannot be availed of after the verdict unless it was objected to at the time it occurred; and, as enacted, Article 775.1 preserves the contemporaneous objection rule with respect to the declaration of a mistrial. *See* La. C.Cr.P. art. 841; *State v. Lanclos*, 07-0082 (La. 4/8/08), 980 So.2d 643.
>
> Contrary to Mr. Copelin's contention, if he had invoked Article 775.1, the district court could not have simultaneously granted a mistrial and discharged the jury. If he had invoked Article 775.1, it would have resulted in an automatic stay; the district court would have been mandated to instruct the jury that its ruling granting the mistrial was not final. As a result, the jury would have been ordered to return the next day for the appellate court's ruling on the emergency writ. Given Mr.

---

declared does not bar a subsequent plea of double jeopardy. *See Copelin,* 16-0264, p. 12 n.6, 206 So. 3d at 999 n.6.

Copelin failed to object or to invoke the appropriate remedy provided for by Article 775.1, we find the assignment of error was not preserved for review.

*Copelin*, 16-0264, pp. 14-15, 206 So. 3d at 1000. *See also State v. Lewis,* 19-0448, p. 7 (La. App. 4 Cir. 2/12/20), 292 So. 3d 945, 951 ("Following *Copelin,* we find that Defendant failed to seek emergency review of the district court's mistrial order in accordance with La. C.Cr.P. art. 775.1, and therefore, waived his right to proceed to trial with the dismissed jury. Defendant's original and supplemental assignments of error one [in which he argued that the second mistrial was illegal and that further prosecution was violative of his protection against double jeopardy] lack merit."). Thus, in the absence of an objection, Mr. McClebb did not preserve the issue for review. Accordingly, relief is denied.

## *DECREE*

For the above-mentioned reasons, we find Mr. McClebb failed to preserve the issue for review. As such, we grant the writ, but deny relief.

**WRIT GRANTED; RELIEF DENIED**